ANDERSON LAND & STOCK CO. v. McCONNELL et al.

(Circuit Court, D. Nevada. May 3, 1909.)

No. 783.

1. EQUITY (§ 392*)—GROUNDS FOR REHEARING—SURPRISE.

Surprise as a ground for the granting of a rehearing in equity must be something unexpectedly arising under circumstances which the party was not reasonably called upon to anticipate, and which ordinary prudence and foresight could not guard against.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 844; Dec. Dig. § 392.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EQUITY (§ 392*)—GROUNDS FOR REHEARING—SURPRISE.

> A suit in equity was tried on oral testimony taken in open court, the trial lasting nine days. On the first day complainants introduced testimony as to certain physical facts which were pertinent to the issues. Defendants made no claim of surprise, but cross-examined and introduced evidence as to such facts, and submitted the case without objection. *Held*, that they were not entitled to have the case reopened and to be permitted to introduce further testimony on the ground that they were surprised by such testimony, it having been their duty, if surprised, to at once call the attention of the court to such fact and ask for time to meet such testimony.
>
> [Ed. Note.—For other cases, see Equity, Dec. Dig. § 392.*]

In Equity. On motion by defendants to reopen case and admit further testimony.

See, also, 133 Fed. 581.

Mack & Green and J. W. Dorsey, for plaintiff.

Cheney, Massey & Price and H. Warren, for defendants.

VAN FLEET, District Judge. This is a motion by the defendants to reopen the case and for leave to offer further testimony.

While the action is upon the equity side (being one to determine conflicting claims of the parties to the waters of certain natural streams appropriated for the purposes of irrigation), the evidence, instead of being taken under equity rule 67, was heard and submitted in open court, agreeably to the practice more usually obtaining in this district of pursuing the same general mode of procedure in the trial of suits in equity as in actions at law.

The grounds for the motion are: (1) That "defendants were taken by surprise on the trial of said action, which they could not have guarded against by reasonable diligence"; (2) that "defendants were misled to their injury by reason of the action of counsel and the court respecting an inspection of the premises in controversy, and the unavoidable inability of the court to examine said premises"; and (3) "that the ends of justice require that further proof be taken in said cause"; the motion being based upon the records, proceedings, and testimony in the case and a supporting affidavit by one of the defendants' counsel. While not specified in the motion, it is disclosed by the affidavit of counsel, when read in the light of the evidence taken at the trial, that the particular features of the controversy giving rise to the alleged surprise and upon which it is sought to make further proof are limited to two physical facts, mooted in the evidence, and claimed by defendants to be material to the issues; the first involving the question whether there exists upon the lands of defendants, which lie superior to those of plaintiff upon Quinn river and Eight-Mile creek, two of the streams involved, a natural ridge or elevation of the surface so situated as to intercept waters from those streams when diverted upon certain alfalfa fields of defendants, and prevent the surplus from reaching and flowing upon the meadow lands of plaintiff, as, it is claimed by the latter, it is entitled to have it flow; and the second, whether there is upon the surface a visible, well-defined channel or channels connecting

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said Eight-Mile creek, from a point where it debouches upon the meadow lands of defendants, with a natural water course running through the lands of the defendants and those of plaintiff, known as "Eight-Mile Slough." For the purposes of the motion it may, without determining it, be assumed, in accord with defendants' theory, that both of these facts when ascertained are material to a determination of the rights of the parties.

The first two grounds of the motion may be appropriately and more conveniently considered together, since, while nominally involving separate predicates, they are so intimately associated and interblended in their facts and in the manner of their presentation as to virtually constitute but one substantive proposition. In other words, the surprise specified in the first is claimed to have arisen in the evidence produced by plaintiff as to the existence of the two facts above adverted to; while the injury resulting to defendants' case specified in the second is claimed to have resulted from defendants being prevented in properly meeting such evidence through the misleading action of opposite counsel and the court with reference to a proposed inspection of the locus in quo by the latter.

The portions of the affidavit pertinent and material to this feature of the motion are these:

" * * * That shortly before the close of the taking of testimony and evidence in said action, in open court and in presence of the court and of counsel for the respective parties, it was agreed and understood that the court, if not prevented by other business, should view the premises involved in the action; that it was at the same time agreed how the accommodation should be provided and how the expenses of such view should be apportioned and provided for; that the court then and there expressed a desire and willingness to view the said premises; that the defendants and their counsel relied upon the arrangements made providing for a view of the premises aforesaid by the court, and especially relied upon the offers of plaintiff's counsel and the expressions of the court aforesaid in this behalf, and fully expected that the court would be able to view said premises in accordance with its said expressed desire, and the arrangements and agreements of counsel for both sides providing for such view; that there is a direct conflict in the evidence introduced at the trial of said action; that such conflict arises with respect to certain natural, physical, and unalterable facts; that had a view of the premises been had by the court such facts, about which the conflict prevails, would have unavoidably passed under the notice and observation of the court, and the court could have determined the facts with reference to such conflict which the defendants and their counsel fully expected and relied upon the court to do, and had a right to expect and rely upon by reason of the facts and the arrangements of counsel and expressions of the court with reference to such view.

"That the said conflict in the evidence arose substantially as follows, to wit: Upon the trial of said action one Colman, an expert witness for the plaintiff, testified in effect that there was a certain ridge between the alfalfa fields of the defendants and the lands of the plaintiff, which said ridge barred and interfered with and prevented the waters used by defendants on their said fields from flowing to the lands of the plaintiff. Said Colman testified further that there were certain well-defined channels connecting what is known as 'Eight-Mile Slough' with what is known as 'Eight-Mile Creek,' and during his testimony plaintiff introduced a map of the premises made by said Colman which said Colman testified was true and correct; the said map was admitted by the court as 'Plaintiff's Exhibit ——,' and illustrates and shows graphically, directly, and positively, that the channels testified to by said Colman truly exist upon the ground connecting said slough with said creek and continuing said slough and said Eight-Mile creek as one stream through

the lands of the defendants onto the lands of plaintiff; that in said action the plaintiff claims to be the owner by appropriation of the waters of said Eight-Mile creek, and that its right to the use of such waters is first and superior to the rights of the defendants of said waters; that with reference to such channels the defendants offered some testimony to the effect that there were no such connecting channels as shown on said exhibit, nor as testified to by said Colman; that if there was any such ridge the defendants and their witnesses had not noticed it; but as to the existence or nonexistence of said ridge and said channels, the defendants and counsel for defendants relied and had the right to rely upon the view of the court to determine such conflict; the trial of said action was hurried by reason of the other engagements of the court; the court intimated during the trial that it would not appeal to the court if delays were interposed during the trial; that it is more than 300 miles from Carson City to the said Eight-Mile slough and creek, 90 miles of which must be made by wagon; that it would have delayed the trial of said case at least six days to get further evidence upon the disputed points; that neither the defendants nor the attorneys for the defendants had ever before heard of any such channels, or any such ridge, and they were surprised and entirely unprepared to rebut or offer any further proof at that time upon said disputed facts, but knowing that such facts, if true, were natural, physical, and unalterable, easy to determine, and believing that the court would view the premises, and knowing that in such case the said disputed facts and each thereof would of necessity pass under the court's observation during such view, the defendants' counsel did not before the close of said case ask for a continuance of the same nor for time in which to present further evidence upon said disputed facts, but relied upon the said proposed view of the court of said facts, and closed said case without asking for time in which to meet the evidence of said Colman and his said map; that had the defendants' counsel not believed that the court would view the said premises, and that each of the said disputed facts would have passed under the view of the court personally, the defendants would have asked for time in which to offer further testimony upon the said disputed facts, but, relying on a personal view by the court, the defendants consented that the case be closed on the evidence then adduced with reference to said disputed facts."

Whatever merit this feature of the motion might present, if these statements of the affidavit correctly represented the facts, need not be considered, since an examination of the record and proceedings at the trial discloses that they are wholly at variance with the actual circumstances of the case.

In the first place, the record fails to sustain the claim made in the affidavit that defendants suffered surprise by the evidence referred to in the affidavit. The trial consumed a part of two weeks, commencing June 19, and ending June 27, 1908; and the first evidence as to the existence of the facts in question was given at the threshold of the trial by plaintiff's engineer, the first witness called by it on June 19th. That the evidence was pertinent and relevant to the issues made by the pleadings, no question was made. The evidence went in without objection as to its admissibility, and the witness was fully and at length cross-examined on both subjects, without the slightest suggestion that as to either fact it was in any wise unexpected by defendants or that they were surprised thereby. This was followed during the subsequent days of the trial by the evidence of other witnesses for the plaintiff bearing on the same facts, which, in like manner, was allowed to go in without any intimation by defendants that they were unprepared to meet it. In fact, the record shows that defendants did meet it by the testimony of their own engineer and other witnesses tending to negative that of plaintiff's witnesses, and the existence of

the facts in question was the subject of a sharp and well-sustained conflict. At no time during the trial did the defendants express in any way a desire to produce anything further on the subject, and the court was left at the close of the evidence with no reason to suppose that they were in any way dissatisfied with the showing they had made.

In the next place, the statements in the affidavit that this course of silence on the part of the defendants was induced by an agreement between counsel and the court that a view of the premises should be had, and that but for such agreement they would have asked a postponement of the trial to enable them to procure other witnesses, are likewise without foundation in the record. No such proposition was ever suggested during the progress of the trial, nor until after the evidence on both sides was entirely closed and the matter of arguing the case was under consideration. The reporter's notes show that then for the first time the subject of an inspection of the premises by the court was brought up, and this was by one of plaintiff's counsel, who suggested that it would be a desirable thing if the court could have a view of the premises in dispute, and asked if that would be possible, to which the court answered that it did not think it would be; and after some desultory talk on the subject, in which the court and counsel on both sides acquiesced in the idea that an inspection, if it could be had, would be of value to the court as an aid in applying the evidence, the subject was dropped, and the court proceeded to make an order as to the time for filing briefs.

Thereafter, in September, as appears by the affidavit, counsel for defendants wrote the trial judge renewing the suggestion that the court make an inspection of the premises in dispute, or, as an alternative, that the case be reopened for further testimony. No pretense was then made as to the existence of any previous understanding that such an inspection was to have been had. Correspondence followed between counsel for both parties and the judge, as a result of which, while counsel could not agree upon reopening the case, both sides were willing to have an inspection by the court, and a tentative effort was had to that end, but failed through the inability of the court to make it. Thereafter the defendants presented this motion.

It is quite probable that in framing his affidavit, which was made some months after the trial, counsel did not have ready access to the record, and inadvertently got the matters discussed after the close of the evidence or in the subsequent correspondence confused in his mind as having occurred at the trial. But however this may be, it is apparent that the facts as shown by the record entirely fail to sustain this claim. Surprise as a ground of relief must be something unexpectedly arising under circumstances which the party was not reasonably called upon to anticipate; a thing which ordinary prudence and foresight could not guard against; and where, as here, it is claimed to arise out of evidence of an unexpected character which the party is unprepared to meet, it is obviously the duty of counsel to at once call the fact to the attention of the court and ask a continuance—unless there is something to prevent or excuse that course. In this instance, as we have seen, if the defendants were taken by sur-

prise, which the record does not disclose, nothing was done to advise the court of the fact; while the reason assigned for remaining silent is likewise shown to be based upon so entire a misapprehension of the facts as to leave it without support.

What has been said is perhaps sufficient to dispose of the remaining ground of the motion as well, since it arises upon the same circumstances, and no additional considerations are advanced in its support. While it is always desirable, in the interest of justice, that a party be afforded the fullest opportunity to present his case, yet, in the practical administration of justice, this means no more than that he is to have a fair and reasonable opportunity. It certainly does not contemplate that one may ignore the most ordinary precautions in protecting his rights and still be relieved from the effect of his omission. It is stated in the affidavit that "the court intimated during the trial that it would not appeal to the court if delays were interposed." But it is not pretended that this was said in response to any suggestion of a delay by reason of the matter involved in this motion, and in fact it was not; and it cannot therefore be regarded as in any wise strengthening defendants' case.

The motion to reopen the case must therefore be denied; but the order may recite that it is without prejudice to the right of the court, should it deem it desirable, to make an inspection of the premises involved, in the company of counsel, prior to the entry of a final decree.

Let an order be entered to that effect.