LEVY v. CALEDONIAN INS. CO. et al.

(District Court, N. D. California, Second Division.    June 7, 1915.)

No. 15247.

1. JUDGMENT ⊜⇒342—MOTION TO VACATE—TIME.

Where judgment was entered September 25, 1914, in the October term, and motion to vacate was not noticed or made during such term, but in February, in the succeeding term, such motion came too late, since, on the expiration of the term in which judgment was entered, the court lost jurisdiction to set aside, modify, or amend such judgment, in the absence of preservation of the right by motion made on notice during the term.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 668–671; Dec. Dig. ⊜⇒342.]

2. NEW TRIAL ⊜⇒91—GROUNDS—"SURPRISE"—MISAPPREHENSION OF EFFECT OF STIPULATION.

Where, upon trial without a jury, it was stipulated that the cause should be submitted to the court on the transcript of the evidence taken at a previous trial, and such supplementing evidence as the parties might introduce, a part of the record on the first trial being a motion for nonsuit made by the defendants, the misapprehension of defendants that such stipulation would serve to incorporate into the record of the second trial the motion for nonsuit on the first trial was no basis for holding that defendants suffered "surprise" on the second trial, to call for new trial, since the term as legally employed means more than a mere state of mind, being used to characterize a situation, status, or result produced, having a substantive basis of fact and reason, from which the court may justly deduce, as a legal conclusion, that the party will suffer a judicial wrong if not relieved from his mistake, a condition not presented by a mere misapprehension of the effect of some stipulation in the case.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 184–187; Dec. Dig. ⊜⇒91.

For other definitions, see Words and Phrases, First and Second Series, Surprise.]

At Law.    Action by S. W. Levy against the Caledonian Insurance Company and others.    On petition for new trial and motion to vacate the judgment and set aside the submission.    Petition for new trial denied, and motion to set aside judgment overruled.

Goodfellow, Eells, Moore & Orrick, of San Francisco, Cal., for plaintiff.

Otto Irving Wise and T. C. Van Ness, both of San Francisco, Cal., for defendants.

VAN FLEET, District Judge.    There are two motions—the first, a petition for new trial; the second, an independent motion to vacate the judgment and set aside the submission.

[1] 1. As to the second, the motion to vacate the judgment, it comes too late, and may not be considered on its merits.    The judgment was entered on September 25, 1914, in the October term of that year, and this motion was not noticed or made during that term, but in February of the succeeding term.    This was not in time.    On the expiration of the term in which the judgment was entered the court lost jurisdiction to thereafter set aside, modify, or amend that judg-

ment in any respect, except perhaps as to a mere clerical misprision, in the absence of a preservation of the right by a motion made or noticed during the term. 2 Foster's Federal Practice, § 379; Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797. This rule is so well settled that it entirely disposes of that motion, and it is unnecessary to notice the further objections interposed thereto.

[2] 2. The petition for new trial was served and filed in due time, embracing with others the ground of "accident or surprise which ordinary prudence could not have guarded against," but unaccompanied by any showing by affidavit or otherwise in support of that ground as required by the rule. Subsequently, however, and some time after the lapse of their time for such presentation, defendants asked leave to file and have considered affidavits of their attorneys in support of the ground indicated. While the showing in avoidance of the neglect is meager and not very satisfactory, I have concluded, in the absence of any strenuous objection, that it is within my discretion to receive the affidavits and give them consideration, especially as the opposing party has availed himself of an opportunity to meet them.

The matter covered by these affidavits is briefly this: At the trial, which was had without the intervention of a jury, it was stipulated in open court that the cause should be submitted to the court upon the transcript of the evidence taken at a previous trial and such supplementing evidence as either party should see fit to introduce. This course was pursued. The transcript of the evidence at the previous trial was read, without calling the court's attention to any objections, motions, or exceptions with relation thereto or noted therein, or asking at the hands of the court any present ruling thereon; and thereupon, after the submission of certain evidence not introduced at the previous trial, the cause was submitted by both parties for final decision on the merits. It appears that at the previous trial defendant had at the conclusion of the evidence interposed a motion for nonsuit and taken the ruling of the court thereon, and the material substance of the affidavits now submitted by defendants' counsel is to the effect that affiants—

"understood, believed, and intended that the record of the proceedings had upon the first trial of said action before said court, together with the exceptions reserved therein, was stipulated between counsel and ordered by the court to be taken and considered as a part of the record of the proceedings on the said trial of the said action, the same as if specifically read into the record of the said second trial and had or taken therein; * * * that a part of the record of the proceedings of said first trial was a motion for a nonsuit made by defendants, and the order denying said motion, to which exception was taken and reserved; that affiants understood, believed, and intended that said motion for a nonsuit was to be considered as a part of the record of said second trial, and deemed to have been made at the conclusion thereof."

And it is stated that affiants believe and are of the opinion that in the absence of such motion for nonsuit in the record of the proceedings of the second trial—

"the rights of the defendants upon writ of error to the appellate court will be jeopardized."

226 F.—22

In the opposing affidavits, presented by plaintiff's counsel, after a recital as to what occurred at the trial, it is stated:

"That no stipulation or agreement of any kind in connection with said second trial relative either to the testimony, evidence, motions, objections, rulings, or exceptions thereat was entered into between plaintiff's counsel and defendants' counsel either prior or subsequent to said second trial, and that no stipulations, motions, agreements, or orders were made at said second trial, and no proceedings were had thereat, except those shown in the reporter's transcript herein, which is hereby referred to and made a part of this affidavit. Plaintiff's counsel at no time attempted or assumed to agree or stipulate that the rulings made at said first trial, or any thereof, might be considered as having been made at said second trial, or that the motion for nonsuit made at the first trial might be considered as having been made at the second trial, or that any exceptions taken at said first trial might be considered to have been taken at said second trial. Indeed, none of these matters were even touched upon in any conversation between plaintiff's counsel and defendants' counsel, either in court or out of court."

The reporter's transcript discloses that, upon plaintiff's counsel stating that they intended to rely upon the evidence at the former trial, together with certain additional testimony, this occurred:

"Mr. Van Ness: I am willing to admit, and it seems to me that the admission is as broad as anything you could claim. In the beginning we took the position that by reason of the destruction of San Francisco we were released, and so notified you; and you considered that we were not released, and insisted on going on with the contract. I told you that, if we were wrong in our view, we would pay you the $1,000 a month. We took that position from the beginning to the end.

"The Court: What is it you want to put in the record?

"Mr. Orrick: I want to call Mr. Conroy to the stand and put into the record the evidence which I have just read.

"The Court: Will it be understood that the transcript of evidence taken at the previous trial shall stand?

"Mr. Orrick: In this case.

"Mr. Van Ness: We are willing to read any portion of that evidence.

"The Court: Let the transcript of evidence as taken at the last trial be considered as evidence here now, and go on and supplement it as much as may be deemed material."

It is upon this showing that the court is asked by defendants to grant a new trial upon the ground of surprise. It is quite obvious, I think, that these facts afford no substantial basis for a holding that defendants suffered "surprise," in the sense in which that term is employed in the statute specifying the grounds for new trial. The term as there employed means something more than a mere state of mind; it is used to characterize a situation, status, or result produced, having a substantive basis of fact and reason from which the court may justly deduce as a legal conclusion that the party will suffer a judicial wrong if not relieved from his mistake. In other words, a mere misapprehension of the effect of some evidence or stipulation in the case, or a sentiment of surprise arising from the course the case may take, is not legal "surprise," unless by reason of the situation of the parties, the state of the pleadings or issues, or some previous arrangement or convention, the fact produces a situation as to the moving party from which the court is able to see that it would be unjust and inequitable not to afford him relief. There is nothing of that nature disclosed in the situation here.

From the circumstances disclosed there was absolutely nothing to warrant the defendants' attorneys in indulging the misapprehension which they now allege. A moment's thought would have shown them that they were in error in assuming that the stipulation of the parties covered any of the rulings had at the previous trial, much less the motion for nonsuit. Parties are not at liberty, regardless of any previous ruling, to stipulate what a ruling of the court shall be upon any given state of facts without the assent of the court thereto; and, moreover, in this instance a motion for nonsuit would have involved evidence not submitted at the previous trial. It is quite obvious that the court, had any attempt to so stipulate been brought to its attention, would not have assented thereto without an opportunity to consider such new evidence. It is to be regretted if the course taken by counsel, however inadvertently, shall result in jeopardizing defendants' rights on appeal; but that consideration cannot justify the court in departing from those usual and ordinary rules which govern trials and the due protection of the rights of both parties thereto. As said upon a similar motion in Anderson Land & Stock Co. v. McConnell (C. C.) 171 Fed. 475, 480:

"While it is always desirable, in the interest of justice, that a party be afforded the fullest opportunity to present his case, yet, in the practical administration of justice, this means no more than that he is to have a fair and reasonable opportunity. It certainly does not contemplate that one may ignore the most ordinary precautions in protecting his rights and still be relieved from the effect of his omission."

3. The remaining grounds involved in the motion have not been pressed. They were all involved in the consideration of the court in reaching its conclusion resulting in the judgment. They need not be specially noticed, but it is sufficient to say that none of them are of a character to warrant the court in granting a new trial.

The petition for new trial is accordingly denied, and the motion to set aside the judgment overruled.