Rockingham, }
May 2, 1922. }

### HAROLD M. RICHARDSON *v.* BOSTON & MAINE RAILROAD.

A memorandum of an event which a witness testifies was correctly made is admissible, if the witness is not able to testify fully from memory to all its contents. Whether the memorandum can be put in evidence after the witness has testified from memory to all the facts contained therein was not decided.

The questions whether the absence of an original document is sufficiently accounted for and whether the verity of an alleged copy is sufficiently proved to aid the jury are questions which may either be decided by the presiding judge at the trial or submitted to the jury; the burden is on the excepting party to establish error in such proceedings.

Where a paper purporting to be a copy of a document has been admitted upon insufficient evidence of its verity and subsequent to the trial the original is discovered and presented on argument before the supreme court, a new trial will not be ordered if the verity of such secondary evidence is unquestionable.

The exclusion of certain evidence on the ground that it was not rebutting was unexceptionable.

CASE, for loss June 10, 1920, from fire set by the defendants' locomotive. Trial by jury with verdict for the defendants. The defendants denied that the fire was set by a locomotive and introduced evidence tending to show that plaintiff's loss did not exceed the amount of the insurance carried on the property destroyed.

One Martin, a witness for the defendants, testified that in August, 1920, the plaintiff told him he carried four thousand dollars insurance in different policies of which he had collected twenty-two hundred dollars but that the other companies had declined to pay; that if he could get his insurance that would be all he would want and he would be entirely whole. The plaintiff before trial had collected the full amount of his insurance.

Subject to exception the testimony of an insurance agent as to the reason for delay in payment by one of the insurance companies, offered by the plaintiff, was excluded as not rebutting.

One Gaudette, a witness for the defendants, testified to making an inspection of the locomotive which passed the plaintiff's property shortly before the fire. Subject to plaintiff's exception the defendants were allowed to introduce a copy of a report of this inspection made by the witness to his foreman. The witness at first stated that he did not remember making the inspection. Upon being shown the paper, he testified that he did remember it, and what the examination was and that the paper shown was a copy of the report made by him to his foreman at the time. The plaintiff objected on the ground that the report was not evidence as the witness was able to testify from memory.

After a conference with the court, the paper was read in evidence, as follows:

"East Somerville, June 18, 1920.

Mr. Krook, General Foreman. I have examined engines 2116, 3232 and 3235 for setting fires when engines was dumped and found front end nettings, dead-plates, baffling plates, ash-pan and ash-pan slides in good condition.

Amos Gaudette."

Whereupon the plaintiff excepted. Upon cross-examination after the reading, the witness testified the inspection was made on the same day the report was made, but he could not remember when it was, nor when it was with reference to the fire.

Transferred by *Branch,* J., from the May term, 1921, of the superior court.

*John R. McLane* and *Ralph W. Davis* (*Mr. McLane* orally), for the plaintiff.

*Hughes & Doe* and *Albert R. Hatch* (*Mr. Doe* orally), for the defendants.

Parsons, C. J. The testimony of the insurance agent as to the reason why the full amount of insurance was not at first paid had no tendency to contradict the witness Martin's statement that the plaintiff told him at a certain time the whole had not been paid, and that this when paid would make him whole. The exclusion of the testimony on this ground presents no question of law. *Saucier* v. *Spinning Mills,* 72 N. H. 292, 296.

The written document used to refresh the witness' memory and subsequently admitted was more than a private memorandum. It was a report made in the regular course of business. It is suggested that a different rule as to admissibility may apply in such case. *Vicksburg &c. R. R.* v. *O'Brien*, 119 U. S. 99, 102. This distinction has not been urged in argument but the case has been presented as that of a private memorandum made by the witness of matters as to which the witness with his recollection refreshed by an inspection of the document is able to testify directly. The plaintiff contends that in such case the memorandum cannot be laid before or read to the jury.

The "established rule" is said to be "that a memorandum can only be read in evidence when the witness verifies it as having been true when made, has since forgotten the transaction, and is not able to recall it after examining the memorandum so as to state it from memory." *Pinkham* v. *Benton*, 62 N. H. 687. Such is undoubtedly the rule of the authorities. Wig. Ev. *s.* 763. Counsel argue with great force that reason for the rule is wanting and that it should not longer be followed. But opportunity for discussion of the rule and its present vitality are not presented by the case.

If the paper was not admissible for this reason when read to the jury, the subsequent cross-examination made it so under the strict rule claimed by the plaintiff. In answer to plaintiff's counsel, the witness stated the report was made the same day the inspection was, but that he could not remember when it was or when in reference to the fire. The time of the examination with reference to the fire was manifestly the test of its value in the case. The fire was June 10, and the report or memorandum purports to have been made June 18. The case, therefore, is of the memorandum of a fact made by the witness at a time when he knew it to be true and which after examination of the memorandum he cannot state from memory. Under the rule as claimed the written document was admissible.

The plaintiff now objects in brief and argument that the absence of the original was not properly accounted for and that the evidence was insufficient to establish the verity of the copy. When the admissibility of a piece of evidence depends upon the existence of certain facts, the proof of such facts is ordinarily addressed to the court and when found by the court the only questions of law are whether there is any evidence to sustain the finding and whether the facts found make the evidence competent. The court, however, may submit the whole question to the jury with instructions to consider the evidence

or not as they find the fact determining its admissibility. *Colburn* v. *Groton*, 66 N. H. 151; *Jenness* v. *Jones*, 68 N. H. 475, 476. Consequently the questions whether the absence of an original document is sufficiently accounted for and whether the verity of an alleged copy is sufficiently proved to aid the jury are questions for the presiding judge at the trial. The first question is directly so decided in *State* v. *Wren*, 77 N. H. 361, 362 and *Beattie* v. *Hilliard*, 55 N. H. 428, 435. The burden is on the excepting party to establish error in the proceedings at the trial. *Staniels* v. *Whitcher*, 73 N. H. 152. As neither the facts found by the court as to the non-production of the original or the evidence on which the finding was made are transferred, the contention now made that the absence of the original was not properly accounted for is not before the court. The failure to refer to these questions in the reserved case is persuasive evidence such objection was not made at the trial.

Assuming that there was no other evidence but that of Gaudette, who made the original, that the paper shown him was a copy, his statement was some evidence of the fact. Wig. Ev. s. 1280 (2); *Rex* v. *Fursey*, 6 Car. & P. 81, 84. The copy was, therefore, admissible when read into the case. The weight of the witness' testimony to the verity of the copy was weakened, if not destroyed, by the cross-examination, which developed that the witness could not from recollection establish the verity of the copy as to the material point of its date. In this situation the plaintiff's remedy was a motion to strike out the evidence upon the ground that it was improperly admitted. *Fuller* v. *Railroad*, 78 N. H. 366, 370.

No such motion was made. But assuming that proper steps were taken so that the objection is now open to the plaintiff, the error is readily cured. Since the trial the original report has been found and was presented at the argument. Upon inspection it is apparent that the paper introduced in evidence is a copy of the original. The only error, if there were one, was the insufficiency of the evidence addressed to the court to establish the verity of the copy. If the verdict were to be set aside this would be the only issue which it would be necessary to retry. Upon the evidence now available but one finding could be made, *i.e.*, one establishing the verity of the copy. This being found, the absence of error in the verdict is established.

Ordinarily the question whether a defect of proof in evidence addressed to the court can be supplied after verdict by newly discovered evidence is for the trial court. *Smith* v. *Cushman*, 59 N. H. 519. But the plaintiff does not question the verity of the document presented

as the original. To send the case to the trial court for the determination of a fact as to which there is no dispute would be a useless proceeding, which justice does not require. *Bean & Symonds Co.* v. *Jaffrey, ante,* 343.

As the paper admitted as a copy is shown to have been a copy, the plaintiff cannot have been prejudiced by the use of the copy in place of the original.

A verdict is not set aside for harmless error. *Lisbon* v. *Lyman,* 49 N. H. 553, 585.

*Exceptions overruled.*

Snow, J., did not sit: the others concurred.