Cheshire
No. 7382

STATE OF NEW HAMPSHIRE

v.

PETER R. RUELKE

November 30, 1976

*David H. Souter,* attorney general and *Peter W. Heed,* attorney *(Mr. Heed* orally), for the State.

*Goodnow, Arwe, Ayer & Prigge* and *Eric R. Gardner (Mr. Gardner* orally) for the defendant.

GRIMES, J.   Defendant was charged with possession of in excess of a pound of marijuana and with conspiring with one Dennis McAlary to sell marijuana. He was found guilty of conspiring and of the lesser offense of knowingly being present where a controlled drug was kept but did not appeal the latter conviction. His motion to suppress the evidence obtained as a result of the search of the Butler farm was denied subject to his exceptions. During the trial certain hearsay evidence was introduced subject to his exceptions. All questions of law raised by his exceptions were transferred by *King, J.*

The search warrant in issue was obtained as a result of an affidavit based on information obtained from a Dana Lawrence whose Volkswagon bus was stopped and searched by an Officer Byrnes. Defendant first contends that the evidence obtained from Lawrence and his van was the result of an illegal stop and search and therefore not only could not be used in evidence but also could not be used as a basis for obtaining the warrant to search the Butler farm, thereby making inadmissible the evidence obtained as a result of that search and requiring the granting of his motion to suppress.

Although because he was present when the search of the Butler farm was made, he has standing to contest the validity of that search, *Jones v. United States,* 362 U.S. 257 (1960), he has no standing to complain about the stopping of Lawrence or of the search of Lawrence's van or the use of information obtained from him. He was not present, did not own the van or anything which was seized and no rights of his were violated by the stop, the search or the questioning. *Wong Sun v. United States,* 371 U.S. 471 (1963); *Alderman v. United States,* 394 U.S. 165 (1969); *Brown v. United States,* 411 U.S. 223 (1973). Having no standing to complain about any possible violation of Lawrence's rights, he cannot prevent the use of the evidence thus obtained to support the issuance of the warrant to search the Butler farm, and the motion to suppress was properly denied.

Dana Lawrence was called as a witness by the State. He testified that he purchased the marijuana from McAlary at the Butler farm. Although he stated that the defendant and others were present while they tested the drug by smoking it, he did not otherwise implicate defendant in the sale. After Lawrence left the

court, but still under subpoena, the prosecution called Officer Byrnes as a witness and asked "what Lawrence related to you as to where he had obtained the marijuana." Subject to exception, Byrnes responded that "[h]e, Mr. Lawrence, stated that he just came from Chesterfield and that he had purchased the quantity of marijuana from Dennis McAlary and Peter Ruelke for a hundred fifty dollars."

The State admits that this evidence was hearsay and that it was error to admit it but contends that the error was harmless. It contends that since there was sufficient other evidence to justify a conviction, the error was not prejudicial. However, it is not a question whether the evidence, apart from that erroneously admitted, would support a finding of guilt, but whether it can be said beyond a reasonable doubt that the inadmissible evidence did not affect the verdict.

Although we hold that the other evidence which is circumstantial, as evidence in conspiracy cases often must be, *State v. Gilbert*, 115 N.H. 665, 348 A.2d 713 (1975), would support a guilty verdict, it barely meets the minimum standard. The only direct evidence that defendant participated in the sale was the improperly admitted hearsay evidence. Considering these factors, we cannot say that the jury may not have drawn entirely different inferences from all the evidence than they would have drawn if the hearsay evidence had not been admitted.

"The tendency of the [hearsay] evidence to prejudice the jury [with direct evidence] that the defendant was guilty is not doubtful." *State v. Wargo*, 83 N.H. 532, 534, 145 A. 456, 458 (1929). *See also Glasser v. United States*, 315 U.S. 60, 67 (1942); *Blumenthal v. United States*, 332 U.S. 539, 551 (1947).

*Exceptions sustained in part and overruled in part; new trial.*

Bois, J., did not sit; the others concurred.