Cheshire
No. 80-071

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM V. DRISCOLL

December 29, 1980

*Gregory H. Smith*, acting attorney general (*Michael A. Pignatelli*, attorney, orally), for the State.

908

*Michael P. Bentley,* of Keene, by brief and orally, for the defendant.

BROCK, J. In this criminal case the defendant was charged with negligent homicide (RSA 630:3) for causing the death of three people in an automobile accident. The basis of the charge was that he was allegedly operating his vehicle at an excessive rate of speed. Photographs of the accident scene and the vehicles involved were introduced into evidence at trial. The prosecutor, in his closing argument to the jury, commented that because of the extent of damage to the vehicles shown in the photographs, the photographs were evidence that the defendant's vehicle was traveling at an excessive speed.

Defendant's attorney objected to the prosecutor's remarks and requested a cautionary instruction to the jury that the photographs could not properly be considered as evidence of excessive speed. The Trial Court (*Dunfey,* C.J.) overruled the objection and denied the request, and the jury subsequently returned a verdict of guilty. The defendant's exceptions were reserved and transferred to this court. We reverse.

On January 17, 1978, the defendant, William Driscoll, was operating his dump truck on Route 9 in Chesterfield. The evidence was that driving conditions had been deteriorating steadily due to a snowstorm. As the defendant proceeded westerly, he observed a vehicle coming toward him in his lane as it passed two other eastbound vehicles. The defendant testified that he applied his brakes, went into a skid and collided with two of the eastbound vehicles. Three persons were killed.

Photographs were taken at the scene of the accident, showing both the road conditions and the damage to the three vehicles involved in the accident. The photographs were admitted into evidence with a stipulation that they accurately depicted the accident scene but nothing in the record suggests that they were offered for any other purpose.

The indictment charging the defendant with negligent homicide alleged that "he [was] driv[ing] at a speed greater than was reasonable and prudent under the conditions then and there existing. . . ." At trial, the only evidence concerning the speed of the defendant's vehicle was his own testimony that he was traveling at thirty miles per hour and the testimony of another witness who was operating a vehicle behind the defendant's, that the defendant's speed was approximately forty-five miles per hour at a point some distance from the accident.

■ A prosecutor can argue an inference in his closing argument if that inference "can be reasonably drawn from the evidence." *State v. Rullo*, 120 N.H. 149, 153, 412 A.2d 1009, 1012 (1980). The issue before us, then, is whether the inference argued by the prosecutor, based as it was on the photographs themselves, that the defendant's vehicle was traveling at a speed in excess of thirty-five miles per hour is one that could reasonably be made.

Without doubt the photographs corroborate the fact that the vehicles involved collided. However, the photographs themselves show only the damage caused by the collision of the three vehicles and are in no way helpful to establish which vehicle was traveling at what speed. No evidence was offered to show what damage was attributable solely to the movement of the defendant's vehicle. The prosecutor's argument overlooks the fact that this was a head-on collision and that the three vehicles were traveling at unknown speeds relative to each other.

For example, should we assume that the defendant's vehicle was traveling at forty miles per hour and that it collided head-on with another vehicle that was traveling thirty miles per hour, the relative speed at which the vehicles collided is seventy miles per hour. Photographs of such an accident may, with the appropriate foundation, show a collision that occurred at seventy miles per hour but they do not show which vehicle was traveling at what speed. *See Grobe v. Valley Garbage Service*, 87 Wash. 2d 217, 223–25, 551 P.2d 748, 752–53 (1976).

■ Because the evidence at trial was that all three vehicles were moving at the time of their impact with one another, we fail to see how the photographs could establish how fast the defendant's truck alone was traveling. Any effort to ascertain the speed of the individual vehicles involved in the accident based on the photographs themselves would involve mere speculation. Accordingly, we hold that the inference argued by the prosecutor is one which could not reasonably be drawn from the evidence.

■ Finally, the State submits that even if it was error for the prosecutor to argue as he did, it was harmless error. Upon reviewing the record before us, we are unable to conclude beyond a reasonable doubt that the error was harmless. *See State v. Scarlett*, 118 N.H. 904, 907, 395 A.2d 1244, 1246–47 (1978); *State v. Ruelke*, 116 N.H. 692, 694, 366 A.2d 497, 498 (1976).

*Reversed; remanded for new trial.*

All concurred.