Strafford
No. 85-413

## Charles H. Welch and Florence Welch

v.

## Gonic Realty Trust Co.

October 2, 1986

*Fisher, Moran, Willoughby and Clancy*, of Dover (*Edward T. Clancy* on the brief and orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn and Chiesa*, of Manchester (*Ronald J. Lajoie* on the brief and orally), for the defendant.

JOHNSON, J.    This is an appeal by the plaintiffs from the denial of their motion to set aside a jury verdict for the defendant by the Trial Court (*Pappagianis*, J.). It involves the interpretation and application of Superior Court Rule 62, and presents the following issues: (1) whether the trial court erred in allowing the defendant to raise a defense at trial which was not listed in defendant's pretrial statement; and (2) whether the trial court's submission to the jury of a defense of which the plaintiffs had no pretrial notice constituted prejudicial error. We find that the trial court erred, and we reverse and remand.

On November 17, 1981, the plaintiff Charles Welch, a night watchman employed by Laugieres Security Co., was injured in a fall during his early morning shift. His injury took place at the Gonic Mill Building in Gonic, which building is owned by the defendant, Gonic Realty Trust Co.

The plaintiff fell at 4:30 a.m. during a "wind," which involves the activation of a time clock carried by the plaintiff to various "stations" located throughout the building. As a result of his fall, plaintiff was seriously injured.

Charles Welch brought suit in Strafford County Superior Court asserting claims based on common law negligence and breach of a statutory duty imposed on employers by RSA 277:11 to maintain safeguards to lessen the dangers to employees inherent in the nature of the employment. His wife Florence brought a claim for loss of consortium.

At the time of trial, the defendant's pretrial statement listed the following as "specific defenses": "a. The defendant denies all claims of liability, b. The defendant claims that this accident occurred by and through the causal fault of Charles Welch." No other defenses were specifically stated in the defendant's pretrial statement, nor were there any other references to additional defenses provided in discovery documents or exhibits.

During the opening statement at trial, the defendant's counsel argued that the plaintiff was not authorized to be in the part of the building where he was injured, and hence was not an employee that the employer had a duty to protect. Immediately following this opening statement, the plaintiffs objected to this new "defense," which had been discovered by the defendant the day before trial. The plaintiffs argued that the defense had not been listed in the defendant's pretrial statement, and that its imposition at trial constituted complete and unfair surprise. The trial court rejected these arguments. In addition, the trial court included a reference to the defense in its charge to the jury. The jury returned general verdicts

for the defendant. The plaintiffs appeal from the trial court's denial of their motion to set aside these verdicts.

We first consider whether the defendant's claim that the plaintiff was in an unauthorized area when he fell should have been excluded at trial in view of Superior Court Rule 62. Rule 62, entitled "Pretrial and Pretrial Settlement Conferences," has as its primary purpose the promotion of settlement. *See* Flynn, *New Rules of the New Hampshire Superior Court*, 14 N.H.B.J. 5, 8 (1972). The rule seeks to accomplish this goal "by exposing the elements of a case to the scrutiny of opposing counsel and the Court." *Id.* at 10.

An additional purpose of the rule, however, is that of eliminating surprise in those cases which must actually proceed to trial. *See generally* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 987, at 8–9 (1984). The rule seeks to minimize surprise by ensuring that cases come to trial "[w]ith the issues narrowed and relevant information disclosed . . . ." Flynn, *supra* at 9. It is with this purpose in mind that paragraph B, governing pretrial statements, should be interpreted.

Paragraph B(6) expressly requires that pretrial statements of defendants list *all specific defenses*. While the defendant has argued that the defense of lack of authorization is encompassed within the general denial of liability clause of his pretrial statement, such an argument runs roughshod over the pretrial rule. Defendant's mere statement that he "denies all claims of liability" is not the listing of specific defenses that the rule contemplates. It is certainly not specific to allege a general denial, when the real focus of the defense is that the plaintiff was in an unauthorized area when he fell. To do so invites the very kind of surprise that Rule 62 B(6) is designed to prevent. "Pretrial Statements . . . are pleadings, and, unless modified by agreement of the parties or court order, bind the parties in the trial of the case." R. WIEBUSCH, *supra* § 985, at 7.

We think that this case adequately demonstrates that where the policies of Rule 62 are ignored, unfair surprise can result. "Surprise . . . must be something unexpectedly arising under circumstances which the party was not reasonably called upon to anticipate, and which ordinary prudence and foresight could not guard against." *Anderson Land and Stock Co. v. M'Connell*, 171 F. 475, 479 (C.C.D. Nev. 1909). In the instant case, it is inconceivable that the plaintiffs could have foreseen, based upon the general denial of liability in the defendant's pretrial statement, that the defendant was going to raise a defense based upon the plaintiff's lack of authorization to be in the area where the accident occurred.

■ This is not a case where ordinary prudence would have avoided the surprise. We do not agree with the defendant that the plaintiffs brought the surprise upon themselves through a lack of diligence in discovery. We hold that the plaintiffs in this case were not under a duty to "discover" the factual basis for a defense of which the defendant was not aware until *one* day before trial. This court will not, by imposing discovery burdens that would require trial counsel to be nothing less than clairvoyant, deprive parties of the fair notice to which they are entitled under Rule 62.

■■ The defendant argues that the plaintiffs should have moved for a continuance after learning of the defense, but the remedy for failure to disclose an essential matter in a pretrial document is exclusion of the matter at trial. *Hydraform Prods. Corp. v. American Steel and Alum. Corp.*, 127 N.H. 187, 202, 498 A.2d 339, 348 (1985) (expert testimony excludable where proponent failed to provide the substance of expert's opinions in response to interrogatories). The party whose strategic position is compromised by the failure of an opponent to comply with the policies inherent in our notice system of pleading should not be required to request a continuance in response to a situation arising through no fault of his own. We hold that it was error for the trial court to allow the authorization defense. It necessarily follows that it was error to submit the defense to the jury.

■ It is of course axiomatic that a judgment will not be reversed for harmless error. *Richardson v. Boston and Maine R.R.*, 80 N.H. 370, 374, 117 A. 733, 735 (1925). "A harmless error is an error which is trivial, or formal, or merely academic, and was not prejudicial to the substantial rights of the party assigning it . . . ." *State v. Britton*, 27 Wash. 2d 336, 341, 178 P.2d 341, 344 (1947). In the case at bar, we find that the plaintiffs were in fact prejudiced by the trial court's admission of the authorization defense. A central consideration in circumstances such as these should be whether the party surprised would have prepared his case differently had he had notice of the defense in advance of trial. Here, plaintiff might have filed a motion *in limine* to exclude the defense on relevancy grounds. Conceivably, he might have called additional witnesses in an effort to rebut the defense. "Upon the record before us, we are unable to conclude . . . that the error was harmless." *State v. Driscoll*, 120 N.H. 907, 909, 424 A.2d 410, 411 (1980).

We next consider whether the plaintiffs were prejudiced by the submission of the authorization defense to the jury. First, we reject at the outset defendant's argument that this issue was not in fact

submitted to the jury by the trial judge. The trial court's instructions were as follows:

> "Gonic Realty denies that it is liable . . . [It] says that as owner of the building, it . . . complied with the statute requiring it to maintain the building . . . *It says that it is not responsible for Mr. Welch's fall, by reason that Mr. Welch was in an unauthorized area when he fell.* It says that the fall of Mr. Welch was the result of his own negligence."

(Emphasis added.) On that basis, it is clear that the authorization defense was submitted to the jury and, further, that it was devoid of any limiting or qualifying instructions.

The defendant argues that the submission of the authorization defense to the jury was harmless error under the so-called "two-issue rule," which provides that where there are two or more issues submitted to the jury, a general verdict will stand if it can be upheld with reference to either, regardless of error with respect to the other. *Moore v. Waterbury Tool Co.*, 124 Conn. 201, 199 A. 97 (1938). The two-issue rule, however, is not the law in New Hampshire, and runs counter to the principle enunciated by this court in *State v. Ruelke*, 116 N.H. 692, 366 A.2d 497 (1976).

*Ruelke*, a criminal case involving the erroneous submission of hearsay evidence to the jury, states that in cases where improper matters are submitted to the jury, the question to ask is not whether a different finding would have ensued if the matter had been excluded, but merely whether the submission of such matter affected the verdict. *Id.* at 694, 366 A.2d at 498. We cannot say with certainty that in this case the submission of the authorization defense had no effect on the jury's verdict. The defense was urged forcefully to the jury during defendant's opening statement and closing argument. Further, it was included in the judge's charge to the jury, thus receiving a judicial imprimatur of validity. We think the better view, for civil as well as criminal cases, is that "where the general course of the trial leaves the appellate court in doubt as to . . . whether the jury would have found as it did if the error had not been committed, the case should be reversed." 5 AM. JUR. 2d *Appeal and Error* § 776, at 219 (1962). We find the reasoning in *Bath v. Nelson*, 31 Ill. 2d 511, 514, 202 N.E.2d 494, 496 (1964) to be persuasive:

> "Where it appears that an error did not affect the outcome below, or where the court can see from the entire record

that no injury has been done, the judgment . . . will not be disturbed . . . But where the case is a close one on the facts, and the jury might have decided either way, any substantial error which might have tipped the scales in favor of the successful party calls for reversal."

■■ In the case at bar, the authorization defense *alone* could have supported a jury finding for defendant, if the jury was thereby persuaded that the plaintiff's injury was not foreseeable: "[Negligence] necessarily involves a foreseeable risk . . . . If the defendant could not reasonably foresee any injury as a result of his act, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence, and no liability." W. PROSSER, THE LAW OF TORTS § 43 (4th ed. 1971). We find there is no basis for the defendant's argument that the issue of plaintiff's authorization is not a "defense" for purposes of Superior Court Rule 62 B(6). A legal theory that tends to establish that a defendant was not negligent constitutes a "specific defense," and we hold that the submission of the defense to the jury "constituted error which may have prejudicially affected the verdict. There must be a new trial." *Berry v. State,* 103 N.H. 141, 146, 167 A.2d 437, 441 (1961).

■ In conclusion, this court is not unaware of the practical difficulties that can result from placing excessive specificity burdens upon counsel engaged in the task of trial preparation. However, to require greater specificity consistent with the policy of fair notice does not, in our view, create an undue burden. We require that parties list with reasonable detail the principal issues and defenses that they intend to raise at trial; the purposes of Superior Court Rule 62 are served by demanding nothing less.

*Reversed and remanded.*

All concurred.