Strafford
No. 88-300

THE STATE OF NEW HAMPSHIRE

v.

FREDERICK STANLEY

December 29, 1989

*John P. Arnold*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief, and *Jeffrey W. Spencer*, assistant attorney general, orally), for the State.

*Stephen A. White*, of Dover, by brief and orally, for the defendant.

SOUTER, J.   The defendant appeals his class A felony conviction for receipt of stolen property, RSA 637:7, assigning error to the Superior Court (*Nadeau*, J.) in failing to dismiss for insufficiency of evidence and in receiving two documents claimed to be inadmissible hearsay. We affirm.

From the record it could be found that on June 30, 1987, a 1987-model automobile was stolen from the lot of the Ed Byrnes Chevrolet-Honda dealership in Dover. On July 2, 1987, the defendant, Frederick Stanley, left the same car at the salvage yard of one William Baxter, whom he requested to remove the motor for installation in another vehicle. When Baxter asked to see the title certificate, the defendant produced none, but showed him a handwritten document purporting to be a bill of sale dated June 26, 1987, transferring ownership of the car with mileage of 17,500 miles from a Steve Waring to the defendant. Although Baxter refused to remove the engine without seeing a title certificate, he made a written note of the contents of the document as well as the manufacturer's vehicle identification number (VIN) attached to the car's dashboard. The police later learned that the VIN of the car shown to Baxter matched that of the stolen car.

The defendant was indicted for receiving the car, the property of "Ed Byrnes Chevrolet" with a value exceeding a thousand dollars, believing it probably had been stolen and having a purpose to deprive its owner of it. The leasing manager of Ed Byrnes Chevrolet-Honda testified at trial that the car in question was owned by the "dealers," and the evidence included an invoice indicating shipment of the car in December 1986, to "Byrnes Chevrolet, Inc."

At the close of the State's case the court denied the defendant's motion to dismiss for insufficiency of evidence to prove the ownership of the car. The ruling was sound. Even assuming that the manager's testimony was inadequate to prove ownership

by an entity named in the indictment as "Ed Byrnes Chevrolet," the relevant statutory element required proof only that the car was "the property of another," RSA 637:7, I. As to that, the evidence was ample, and any distinction between ownership by Byrnes Chevrolet, Inc., Ed Byrnes Chevrolet or Ed Byrnes Chevrolet-Honda was irrelevant. *See State v. Fennelly*, 123 N.H. 378, 387–88, 461 A.2d 1090, 1094–95 (1985) (common law practice superseded by statutory criminal pleading, under which amendments not essential to allegation of element of offense are allowed to conform pleading to proof, where not otherwise prejudicial to defendant). Indeed, the specification of the owner was necessary solely to identify the offense with particularity. *See State v. Therrien*, 129 N.H. 765, 769–70, 533 A.2d 346, 348–49 (1987). Since the defendant does not claim that the evidence could be taken to have proved an offense different from the one charged, or that he was misled or prejudiced in his preparation for trial by the reference to "Ed Byrnes Chevrolet," as distinguished from "Byrnes Chevrolet, Inc.," a mere failure to prove ownership specifically in the former would not, as such, entitle the defendant to relief.

■ The defendant next claims error in the admission of Baxter's written note, insofar as it purported to indicate a transfer from Waring to the defendant at the mileage and on the date stated. The objection rested not on the requirement of foundation for the admission of such a written note, *see* N.H. R. Ev. 803(5) (recorded recollection), but on the nature of the information as hearsay, as to which the trial court had refused to allow Baxter to testify from memory. The short answer to this objection, and the claim of error on appeal, is that the information was not received for its truth and therefore was not hearsay. *See* N.H. R. Ev. 801(c). The State did not offer it to prove that someone named Waring had sold the car to the defendant, but to prove that the defendant had held himself out to Baxter as the car's owner with authority to deal with it in a way that was inconsistent with the true owner's rights, thus indicating the requisite intent to deprive.

■ The final assignment of error challenges the evidentiary use of a copy of the dealer's invoice for the stolen car, indicating shipment from General Motors to Byrnes Chevrolet, Inc., of a car identified by the VIN of the stolen car, and described as having certain listed equipment and features, at a stated cost and suggested sales price. The defendant objected to this evidence insofar as it was not an original document and as falling outside the business records exception to the hearsay rule, N.H. R. Ev.

803(6), since it had not been "generated" by the dealership through whose leasing manager it was introduced. But assuming *arguendo* that introduction of the invoice was error, the error was harmless beyond a reasonable doubt. *See State v. Ruelke,* 116 N.H. 692, 694, 366 A.2d 497, 498 (1976). Before the invoice was offered, the manager had already identified the stolen car without objection, by giving its VIN, its value, its year and model, and by describing its recent shipment by the manufacturer, its receipt by the dealership, and its ownership by the latter. The only further information contained on the copy of the invoice was a list of the car's features, such as air conditioning, heavy duty battery and so forth, which were of no independent evidentiary significance under the indictment. We therefore conclude beyond a reasonable doubt that introduction of the copy of the invoice could not have affected the verdict.

*Affirmed.*

All concurred.