Merrimack
No. 96-462

CINDY MATTHEWS

v.

BRIAN MATTHEWS

April 3, 1998

*Barnes, Bender & Boehm*, of Concord (*Martin Bender* on the brief and orally), for the plaintiff.

*McGrath Law Firm, P.A.*, of Concord (*Peter G. McGrath* on the brief and orally), for the defendant.

*Law Office of Janet F. DeVito, P.C.*, of Concord (*Henrietta W. Luneau*, guardian ad litem), filed no brief.

JOHNSON, J. The plaintiff, Cindy Matthews, appeals the order of the Superior Court (*Manias*, J.), approving the recommendation of the Marital Master (*Martha W. Copithorne*, Esq.), transferring physical custody of the parties' children from the plaintiff to the defendant, Brian Matthews. We affirm.

The parties were divorced in 1993, at which time the plaintiff was awarded physical custody of the parties' two children. Approximately one year later, the defendant petitioned for a change in physical custody, alleging that the plaintiff was not providing proper supervision, medical attention, and emotional support for the children. After two days of hearings, the marital master agreed and recommended transfer of physical custody to the defendant. The superior court approved the master's recommendation, and this appeal followed.

A petition for transfer of custody will be awarded where "the moving party demonstrates that the circumstances affecting the

welfare of the child have been so greatly altered that there is a strong possibility the child will be harmed if he continues to live under the present arrangement." *Perreault v. Cook*, 114 N.H. 440, 443, 322 A.2d 610, 612 (1974). A marital master has wide discretion in these matters, and we will not disturb the master's determination if it could reasonably be made. *Howard v. Howard*, 124 N.H. 267, 272, 469 A.2d 1318, 1321 (1983), *overruled on other grounds by Ross v. Gadwah*, 131 N.H. 391, 395, 554 A.2d 1284, 1285 (1988). Accordingly, "[w]hen findings depend upon debatable inferences deducible from the evidentiary facts, we cannot hold as a matter of law that there was error." *Ballou v. Ballou*, 118 N.H. 463, 466, 387 A.2d 1169, 1170 (1978). Furthermore, the master's factual determinations are binding upon this court unless they are unsupported by the evidence. *Id.* at 465, 387 A.2d at 1170. The master's discretion in modifying a custody award is not unlimited, however, and the master's order may be reversed "where it lacks a sound and substantial basis in the record." *Webb v. Knudson*, 133 N.H. 665, 672, 582 A.2d 282, 287 (1990).

The plaintiff's claims of error are twofold. First, the plaintiff argues that admission of testimony by Dr. John Poirier, a psychologist who met with the children shortly before trial, violated Superior Court Rule 35 regarding disclosure of expert witnesses and constituted unfair surprise. *Cf. Welch v. Gonic Realty Trust Co.*, 128 N.H. 532, 535, 517 A.2d 808, 809 (1986). Poirier was neither on the defendant's witness list, nor disclosed in interrogatories submitted prior to trial. Accordingly, the plaintiff argues that she was unable to prepare effectively to cross-examine Poirier, and that admission of Poirier's testimony constitutes an abuse of discretion.

■ Second, the plaintiff contends that the master erred by refusing to admit the testimony of Jamie Hale, the plaintiff's teenage daughter from a previous relationship. Hale's testimony was offered to rebut evidence that the children were often left alone with Hale overnight. The plaintiff argues that the master erred by failing to determine Hale's competency before ruling that Hale would not be allowed to testify. The plaintiff premises her argument on New Hampshire Rule of Evidence 601, even though that rule is inapplicable in divorce and custody cases. *See* N.H. R. EV. 1101(d)(3). We will treat her argument, therefore, as asserting that the master's failure to exercise discretion when properly requested to do so by the plaintiff, constituted an abuse of discretion. *See Richelson v. Richelson*, 130 N.H. 137, 141, 536 A.2d 176, 179 (1987).

▮ We need not decide whether the master abused her discretion with respect to *either* evidentiary ruling because we find that even if the rulings were erroneous, the errors were harmless. In custody cases, an error is harmless where it did not affect the outcome of the case and there is no prejudice to the party claiming error. *See Place v. Place*, 129 N.H. 252, 260, 525 A.2d 704, 709 (1987); *Welch*, 128 N.H. at 536, 517 A.2d at 810.

The evidence offered regarding the plaintiff's failure to properly supervise and attend to the children was overwhelming. Several witnesses, including two neighbors and a babysitter, testified to specific incidents of neglect and the emotional effect the neglect had on the children. In addition, a private investigator testified that when he observed the plaintiff on ten different evenings, the plaintiff left the children alone overnight on six occasions while she visited a male friend. There was evidence that the plaintiff failed to provide her children with adequate medical care and clothing, and failed to pay proper attention to the children's hygiene. There was also testimony that the plaintiff sent the children to school improperly clothed. Furthermore, the investigator's report indicated that following the first day of the hearing, the plaintiff continued her pattern of leaving the children alone overnight.

▮▮ In sum, we find that the trial court did not err because, even disregarding any findings based on Poirier's testimony, there was overwhelming evidence of a strong possibility of harm to the children if the plaintiff retained physical custody. Furthermore, while Hale might have corroborated the plaintiff's testimony that the children were not left alone for prolonged periods, the master properly could have based her ruling on the substantial other evidence of neglect. *See Place*, 129 N.H. at 260, 525 A.2d at 709 (error is harmless where it would not affect the outcome); *In re Kristopher B.*, 125 N.H. 678, 684, 486 A.2d 277, 282 (1984) (error in admission of evidence harmless where there was other sufficient evidence to support ruling). We cannot conclude that the master's recommendation lacked a sound and substantial basis in the record and are confident that the master would have reached the same outcome regardless of the claimed errors. *Cf. Kallgren v. Chadwick*, 134 N.H. 110, 117, 589 A.2d 120, 124 (1991) (where case is close on the facts, any substantial error requires reversal).

*Affirmed.*

All concurred.