# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0138, <u>Bob Matte's Raceway Motors, Inc. v. Michael Smith</u>, the court on September 21, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Bob Matte's Raceway Motors, Inc., appeals an order of the Superior Court (<u>Kissinger</u>, J.), following a bench trial and a view, dismissing its claim of negligence <u>per</u> <u>se</u> and finding in favor of the defendant, Michael Smith, on its remaining claims. The plaintiff contends that the trial court erred by: (1) dismissing its negligence <u>per</u> <u>se</u> claim; (2) failing to apply "the substantive standards of RSA 485-A . . . to [its] negligence claim rather than the reasonable person standard"; (3) making findings that were not supported by, or were against the weight of, the evidence; and (4) failing to find that the defendant created a private nuisance.

We first address the plaintiff's arguments that the trial court erred by dismissing its negligence <u>per</u> <u>se</u> claim and by applying the reasonable person standard. When reviewing a motion to dismiss at the close of the plaintiff's case in a jury-waived trial, we will not set aside the trial court's findings of fact unless they are clearly erroneous and will not reverse the dismissal unless it is inconsistent with the findings or contrary to law. <u>Clipper Affiliates v. Checovich</u>, 138 N.H. 271, 274 (1994).

Even if we were to assume, without deciding, that the reasons articulated by the trial court in dismissing the negligence <u>per</u> <u>se</u> claim were legally erroneous, the plaintiff was still obligated to prove causation in order to prevail upon a negligence <u>per</u> <u>se</u> theory. <u>Cf</u>. <u>Mahan v. N.H. Dep't of Admin. Services.</u>, 141 N.H. 747, 754 (1997) (stating when common law negligence action exists, negligence <u>per</u> <u>se</u> doctrine may define statutory standard of conduct as alternative to reasonable person standard). Here, the trial court found that the plaintiff had "not shown by a preponderance of the evidence that [the defendant] has caused harm to [its] premises." Whether the defendant caused the plaintiff's damages is a question of fact. <u>See</u> <u>Cecere v. Loon Mt. Recreation Corp.</u>, 155 N.H. 289, 295 (2007).

It is the plaintiff's burden on appeal to provide a record that is sufficient to decide the issues it is raising. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). Absent a transcript, we assume the evidence was sufficient to support

the result reached by the trial court, id., and review the order for errors of law only, see Atwood v. Owens, 142 N.H. 396, 397 (1997).

Because the plaintiff has failed to provide a transcript, we must assume that the record supports the trial court's finding that the plaintiff failed to prove causation. Accordingly, we conclude that the plaintiff could not prevail on a negligence theory, regardless of whether the duty of care derived from statute or common law, and that any error in dismissing the negligence per se claim was harmless. See Welch v. Gonic Realty Trust Co., 128 N.H. 532, 536 (1986).

With respect to its remaining arguments, the plaintiff contends that the trial court's narrative order and the documents included in its appendix provide a sufficient record to decide the issues. We disagree. Each of the remaining arguments contains factual components turning on the evidence offered at trial. Absent a transcript, we cannot determine what evidence was offered at trial and must assume that the evidence was sufficient to support the trial court's determinations. See Bean, 151 N.H. at 250. Furthermore, when the trial court does not make explicit findings, we assume that it made the subsidiary findings necessary to support its general findings. Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004). We defer to the trial court's judgment on issues such as resolving conflicts in the testimony, assessing the credibility of witnesses, and determining the weight to be given to the evidence, mindful that it is free to accept or reject, in whole or in part, whatever evidence was submitted, including the testimony of expert witnesses. Cook v. Sullivan, 149 N.H. 774, 780 (2003); see Webb v. Rye, 108 N.H. 147, 150 (1967) (stating nuisance is question of fact). We find no errors of law in the trial court's narrative order.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2