## Clarke & a., Pet'rs, *vs.* Gilmanton & a.

In a suit against an infant, if he do not appear and nominate a guardian, the court, on motion by the plaintiff, will appoint a guardian *ad litem* for the infant.

Where a committee, appointed by the court of common pleas, upon a petition for a highway, made a report laying out the highway over the land of infants, who did not appear, it was *held* that the court might, upon motion by the petitioners, appoint a guardian *ad litem* for the infants, upon whom legal notice might be served of the time and place for hearing the owners of the land.

A notice served upon the infants, of the time and place for hearing the land owners, is insufficient.

Petition for a highway. In this case a committee was appointed by the court of common pleas, who reported that the highway should be laid out in part over land of Benjamin Plumer and George Plumer, who were minors without guardians, and who, as the petitioners apprehended, could receive no legal notice.

The court held that the notice given them was insufficient, and ordered the report to be recommitted, that a guardian might in the mean time be appointed, and notice given.

Clarke *v.* Gilmanton.

Application was made to the judge of probate, for this purpose, but he declined making an appointment, on the ground that there was no occasion for a general guardianship, and that no application was made by the friends of the minors, and the appointment of a guardian *ad litem* for this case should be made by the court of common pleas. At the last term of that court such a guardian was appointed; but, upon motion of the counsel for the towns, the common pleas ordered the question to be transferred to this court, whether, in a case like the present, the court might appoint a guardian *ad litem*.

*W. C. Clarke*, for the petitioners. The court has a general power to appoint a guardian *ad litem*. 3 *Bl. Com.* 427; *Reeves' Dom. Rel.* 318. We suppose that an infant landowner is a party to a proceeding to lay out a highway over his land, so that in some way he can appear and object to the laying out, and take exceptions to the proceedings. *Farmer* vs. *Stewart*, 2 *N. H. Rep.* 97. Whether he is a party defendant, or what is the proper mode in which his rights are to be protected, is a matter indifferent to us. We have no farther interest than that some mode may be devised by which legal notice may be given to the infants in this case, so that no exception for want of notice may be taken on their behalf hereafter.

*Lovell, & Bartlett*, for Gilmanton.

GILCHRIST, J. The ninth section of the act of July 3d, 1829, *N. H. Laws* 576, (*Ed. of* 1830,) provides that the committee appointed by the court of common pleas upon a petition for a highway, shall cause notice of the time and place for hearing the owners of the land, to be given them. In this general provision, infants as well as adults are, of course, included. In the act for laying out highways, passed on the 8th of February, 1791, *N. H. Laws* 385,

(*Ed. of* 1815,) no provision of this character is contained. But in the case of *Farmer* vs. *Stewart*, 2 *N. H. Rep.* 100, it is said, that it has been an invariable practice to permit them to appear and object to the report, and that it is an essential principle of natural justice that every person should have an opportunity to be heard in court, upon every question involving his rights. The infants, then, have rights to be protected ; and not only should proper protection be afforded them, but such a course should be adopted, if practicable, as will guard the rights of the public.

At common law, infants could neither sue nor defend, except by guardian ; by whom was meant, not the guardian of the infant's person and estate, but either one admitted by the court for the particular suit on the infant's personal appearance, or appointed for suits in general by the king's letters patent. *Fitz N. B.* 27, *H. & L.* But by analogy to stat. *West.* 2*d*, (13 *Ed.* 1) *c.* 15, the court in all cases appoints a *prochein ami*, as its officer, to conduct the suit for the infant, and to look after his interests. No appointment or subsequent confirmation by the infant is necessary, and he cannot disavow the action. *Morgan* vs. *Thorne,* 7 *Mees. & W.* 400. But he may apply to the court, who may remove him at their discretion. *Goodwin* vs. *Moore, Cro. Car.* 161. The power of appointing a guardian *ad litem* is said to be incident to all courts. *Co. Litt.* 89, *a, n.* 70 ; 3 *Bl. Com.* 427 ; 2 *Kent's Comm.* 229. But a distinction has always been made between the office of a guardian, and that of a *prochein ami.* In the case of *Simpson* vs. *Jackson, Cro. Jac.* 640, in error, the defendant in the suit appeared by *prochein ami*, and pleaded, and the error assigned was, that he ought to have been permitted to plead by his guardian, and not by *prochein ami.* The court held that a guardian and *prochein ami* were distinct ; that either might be admitted for the plaintiff, but that when an infant is to defend a suit in an action, real or personal, it ought to be always by guardian, and the guardian ought to be admitted by the

court, who may answer his mispleading, if there should be cause; and the defendant ought always to appear by guardian, and not by *prochein ami;* and for this cause the judgment was reversed. In *Co. Litt.* 135, *b*, it is said that an infant shall sue by *prochein ami,* and defend by guardian. If the defendant do not appear, the court will permit the plaintiff to name a guardian for him. *Stone* vs. *Atwoll,* 2 *Str.* 1076. If the defendant appear by attorney, the court will compel an amendment of the appearance, by substituting a guardian. *Hindmarsh* vs. *Chandler,* 7 *Taunt.* 488. These general principles have also been recognized in this country. *Fearing* vs. *Clawson,* 1 *Hall* 55; *Mason* vs. *Denison,* 15 *Wendell* 64. A justice of the peace may appoint a guardian *ad litem,* in a suit before him, and if an infant appear by attorney, it will be error. This power is incident to every court. *Mockey* vs. *Grey,* 2 *Johns.* 192; *Arnold* vs. *Sandford,* 14 *Johns.* 417.

The general principle is, therefore, well settled, that an infant defendant should appear by guardian, who, on motion, will be appointed by the court *ad litem.* The duty of such guardian is to look after the infant's interests, and to act for him, in all matters relating to the suit, as he might act for himself, if he were of capacity so to do. It is also necessary that such an appointment should be made for the security of the rights of the plaintiff. There should be some person on whom the plaintiff may cause to be served the various notices and rules that may be made in the progress of the suit, so that no exception may be afterwards taken for the want of legal service.

In the case before us, although the infants are not defendants, in the technical meaning of the words, they are, as regards the subject matter of this petition, in a position analogous to that of defendants. Although this is not an adversary proceeding against them, yet the highway cannot be made unless their land can legally be taken. It is their right that it shall not be otherwise taken; and their interests are,

therefore, involved in every step of the process. It is as important to them that all the proceedings should be formally and substantially correct; that they should be heard on the general merits of the petition; that they should receive the fair value of their land; as it is that they should be protected when an action is brought against them. And it is as necessary that the rights of the petitioners and the public should be guarded, as it is in a suit at law that there should be some person to represent the infant, upon whom the plaintiff may make such service as the case may require. We think, therefore, that the appointment of the guardian *ad litem* by the court of common pleas was properly made. It was also necessary that such an appointment should be made, because, as the infants could appoint no attorney to appear for them, and could take no step to conclude their interests hereafter, even by acknowledging that service had been legally made, the notice served on them was insufficient.

*Case remanded to the common pleas,*

*for further proceedings.*