Concord District Court
No. 85-050

*In re* LISA G.

January 6, 1986

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Steven J. McAuliffe* and *Gretchen C. Rule* on the brief, and *Mr. McAuliffe* orally), for Merrimack County and the Merrimack County Commissioners.

*Geiger and Heiser*, of Penacook (*Nancy J. Geiger* on the brief and orally), for Lisa G.

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief), by brief for the State, as *amicus curiae*.

JOHNSON, J.   In this appeal from a ruling of the Concord District Court (*Sullivan*, J.), we are asked to determine whether the district court has the authority to appoint guardians ad litem in proceedings under RSA chapter 169-D (Supp. 1983), at county expense, for children in need of services (CHINS), who are already represented by appointed defense counsel. We hold that district courts have the authority to appoint guardians ad litem in CHINS proceedings and, therefore, affirm. We further set forth guidelines to assist courts in determining when such appointments are appropriate.

Lisa G., a thirteen-year-old juvenile, was brought before the Concord District Court on a CHINS petition and was represented by

court-appointed defense counsel under RSA 169-D:12 (Supp. 1983). Lisa G. had exhibited self-destructive behavior, including drug abuse, and was determined by the Concord Union School District to be emotionally handicapped. Lisa's mother appeared unable to control her daughter, and Lisa's father is chronically hospitalized. Defense counsel, concerned that neither Lisa nor her parents were able to act in Lisa's best interests, requested the court to appoint a guardian ad litem for Lisa. The court granted that request.

Liability for expenses arising out of the CHINS proceeding was initially borne by the City of Concord, and was subsequently transferred to Merrimack County. Merrimack County filed a timely motion requesting a hearing on the issue of its liability to pay the expenses of a guardian ad litem for Lisa G. RSA 169-D:29, II (Supp. 1983) (amended by Laws 1985, ch. 380, effective Jan. 1, 1986). The county argued that the district court does not have authority to appoint a guardian ad litem in a CHINS case, at county expense, when the juvenile is represented by appointed counsel. The Concord District Court, after a hearing, overruled Merrimack County's objection to liability, and Merrimack County appealed the legal issue to this court.

The district court ordered the guardian ad litem and defense counsel to oppose the county's position on appeal, at county expense. In this appeal, Merrimack County contends (1) that the district court has no authority to appoint guardians ad litem, in addition to appointed defense counsel, in CHINS cases; (2) that even if the district court has such authority, the guardian ad litem was improperly appointed in this case; and (3) that, therefore, Merrimack County is not obligated to pay either the guardian ad litem's fees or any legal expenses related to the county's objection to liability below or on appeal.

We begin by addressing Lisa G.'s contention that Merrimack County's appeal should be dismissed on its face because objections to liability under RSA 169-D:29 (Supp. 1983) must be based solely on the issue of liability, and because the legally liable unit cannot appeal the suitability of dispositional orders made by the district court. As authority for this position, Lisa G. cites *In re John M.*, 122 N.H. 1120, 454 A.2d 887 (1982), which held that the legally liable unit may not challenge liability based upon the appropriateness of the court's dispositional order. *Id.* at 1125–26, 454 A.2d at 890.

■ Under New Hampshire law, the county may not appeal the suitability of a particular placement; the CHINS appeal provision permits only the child, parent, guardian, or custodian to appeal within 30 days of a "final dispositional order." RSA 169-D:20 (Supp.

1983). In this case, however, the county objects to liability on the basis of its contention that the district court lacked authority to appoint a guardian ad litem. Although the legally liable unit may not object to liability on the basis of the suitability of a particular order, RSA 169-D:29 (Supp. 1983) permits the legally liable unit to object to liability on the basis that a particular expense cannot be authorized. *See In re Larry B.*, 125 N.H. 376, 380, 480 A.2d 166, 168 (1984). The county's appeal, therefore, is not facially erroneous.

■■ We next address the issue of the district court's authority to appoint a guardian ad litem in a CHINS proceeding. We have long held that the power to appoint a guardian ad litem is incident to all courts. *Moore v. Roxbury*, 85 N.H. 394, 397, 159 A. 357, 359 (1932); *Clarke v. Gilmanton*, 12 N.H. 515, 517–18 (1842). A court has jurisdiction to determine whether a guardian ad litem is required and to appoint a guardian ad litem if necessary. This jurisdiction is inherent in a court's general jurisdiction. *Moore, supra* at 397–98, 159 A. at 359.

■ Merrimack County argues, however, that the court's authority in CHINS cases is purely statutory, and that because RSA chapter 169-D (Supp. 1983) does not provide for the appointment of guardians ad litem, the district court has no authority to make such appointments. We can find no indication that the legislature intended to restrict the long-standing authority of any court to appoint a guardian ad litem. Absent clear statutory language, we will not hold that the statute alters a well-established common law rule. *See Hamel Real Estate, Inc. v. Shepherd*, 121 N.H. 733, 736, 433 A.2d 1320, 1322 (1981).

■ RSA chapter 169-D (Supp. 1983) was enacted as part of a reorganization of RSA chapter 169, which dealt with abused, neglected, and delinquent children, and children in need of services. The purpose of the new statute was to "clarify preexisting law, guarantee children their constitutional rights, and encourage the use of rehabilitative and treatment resources" that the child has a right to receive. *In re Russell C.*, 120 N.H. 260, 266, 414 A.2d 934, 937 (1980); *see* RSA 169-D:1, IV, V (Supp. 1983). We believe that permitting a district court to appoint a guardian ad litem when necessary in CHINS cases is consistent with the goals of the statute. *See Russell, supra* at 266, 414 A.2d at 938.

Moreover, RSA 464-A:41 permits "any court" to appoint a guardian ad litem for a minor or legally incapacitated person whose interest or rights are not fully represented. Although RSA 464-A:2, IV defines "court" in chapter 464-A to mean "the probate court in

the county having jurisdiction or where the ward resides," the language "*any* court" in RSA 464-A:41 indicates that the legislature intended the provision to apply to all courts. Indeed, courts other than the probate court, including the superior court, have appointed guardians ad litem under this provision. *See Armstrong v. Armstrong*, 123 N.H. 291, 461 A.2d 103 (1983).

Merrimack County asserts that even if RSA 464-A:41 applies to all courts, it only authorizes the appointment of a guardian ad litem where "the interest or rights of a minor . . . are not fully represented." The county argues that the appointment of a guardian ad litem in a CHINS case is therefore improper because the child is fully represented by appointed defense counsel. We now consider in what circumstances the appointment of a guardian ad litem is appropriate in a CHINS case.

CHINS proceedings begin with an adjudicatory hearing, in which the court determines whether the child is in need of services. RSA 169-D:14 (Supp. 1983) (amended by Laws 1985, ch. 195, effective July 1, 1985). The adjudicatory phase is an adversarial one, *see Russell, supra* at 266–68, 414 A.2d at 937–39, and the juvenile alleged to be in need of services is thus entitled to appointed defense counsel. RSA 169-D:12 (Supp. 1983). The child is afforded full due process rights, and has the right to present evidence and witnesses, and to cross-examine adverse witnesses. RSA 169-D:14 (Supp. 1983). The role of the defense attorney in this stage of the proceeding is to advocate the juvenile's position, and to protect the child's constitutional rights.

The next stage of the proceeding, if the court finds that the child is in need of services, is the dispositional phase. The court determines the most appropriate and least restrictive disposition for the child on the basis of the facts, the investigation report made by the probation department or other appropriate agency (RSA 169-D:14, III (Supp. 1983)), and the recommendations of the parties and counsel. RSA 169-D:17, I (Supp. 1983). The defense attorney continues to act as the child's advocate in the dispositional phase. The Institute of Judicial Administration and the American Bar Association, in a joint project on Juvenile Justice Standards, described the role of appointed counsel in CHINS cases: "Where counsel is appointed to represent a juvenile subject to child protective proceedings, and the juvenile is capable of considered judgment on his or her own behalf, determination of the client's interest in the proceeding should ultimately remain the client's responsibility, after full consultation with counsel." STANDARDS RELATING TO COUNSEL FOR PRIVATE PARTIES § 3.1(b) (ii) [b] (1980).

■■■ Defense counsel should carry out the juvenile's decisions regarding his or her interest and rights if counsel determines that the child is "mature." In the event that counsel believes that the juvenile is unable to act in his or her best interest, however, counsel should request the court to appoint a guardian ad litem. A juvenile is unable to act in his or her own best interest if he or she is immature, which we define as "incapable of adequately comprehending and participating in the proceedings because of youth or inexperience." STANDARDS RELATING TO PRETRIAL COURT PROCEEDINGS § 6.1 B.2. (1980). In such a case, the guardian ad litem will act as a substitute decision-maker for the juvenile.

■■■ A second role of a guardian ad litem in a CHINS case is to represent the child's best interest as would a concerned parent. In cases where no parent, guardian, or custodian appears with the juvenile, if a conflict of interest appears to exist between the juvenile and the parents, or if the juvenile's interest otherwise requires it, the court should appoint a guardian ad litem for the juvenile. *Id.* § 6.7 A. The juvenile's interest will "otherwise require" the appointment of a guardian ad litem when it appears that the parents are unable or unwilling to act in the child's best interests. Contrary to the contention of Merrimack County, the due process rights of a parent are not violated by the appointment of a guardian ad litem absent compliance with RSA chapter 464-A (guardianship) or RSA chapter 170-C (termination of parental rights). A guardian ad litem is appointed to advocate a juvenile's best interests in a particular proceeding, and has none of the rights of a general guardian. R. WIEBUSCH, 4 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 756 (1984). Termination of parental rights or compliance with the guardianship proceedings statute are therefore not necessary for the appointment of a guardian ad litem.

The role of the guardian ad litem in a CHINS proceeding, whether as substitute decision-maker for the child or as a concerned parent, is distinct from the role of defense counsel. In the adjudicatory phase, the guardian ad litem may advise the court as to any pertinent information that the prosecuting attorney and defense counsel may prefer to ignore. The role of the guardian ad litem is most important, however, in the dispositional phase, where he or she represents the best interests of the child in recommending appropriate services.

■■■ Defense counsel acts as an advocate for the client's position, while the guardian ad litem's role is that of a substitute client or a concerned parent. When the guardian ad litem acts as a substitute decision-maker for the child, his or her role is obviously separate

from that of defense counsel. "[A] lawyer attempting to function as both guardian ad litem and legal counsel is cast in the quandry [sic] of acting as both attorney and client, to the detriment of both capacities and the possible jeopardizing of the infant's interests." *In re Dobson*, 125 Vt. 165, 168, 212 A.2d 620, 622 (1965). In the role of the concerned parent, the guardian ad litem's position will often be in opposition to that of defense counsel. Defense counsel should fully represent the juvenile's rights and interests as determined by the juvenile, and the guardian ad litem should judge the child's best interest from the perspective of the parent. "If the child's attorney is appointed, he may be unsure where his advocate's role ends and his role of judging his ward's interests begins." *RLR v. State*, 487 P.2d 27, 35 (Alaska 1971).

The role of the guardian ad litem cannot, as suggested by the county, be performed by the "probation department or other appropriate agency" referred to in RSA 169-D:14, III (Supp. 1983). Employees of the court or of other institutions with custody of the juvenile may not act solely in the juvenile's best interests because they have an interest in the CHINS proceeding based upon what they perceive as the public interest. *See* STANDARDS RELATING TO PRETRIAL COURT PROCEEDINGS § 6.7 D. (1980).

While attorneys can be guardians ad litem, it is by no means necessary that such appointments be restricted to attorneys. Courts may use, when available, knowledgeable and concerned citizens as guardians ad litem. In addition, we encourage the broader solution of the development of a trained, professional group of guardians ad litem. Such measures would further ensure that the person appointed understands the responsibilities involved, and would better protect the interests and rights of juveniles in CHINS cases.

We therefore hold that the district courts have the authority, under the above guidelines, to appoint attorneys and non-attorneys as guardians ad litem in CHINS cases. We next consider whether a guardian ad litem was properly appointed in this case.

Defense counsel for Lisa G. petitioned the court to appoint a guardian ad litem because she questioned the ability of both Lisa and her mother to make decisions in Lisa's best interests. At the hearing on Merrimack County's objection to liability, defense counsel testified that Lisa had no difficulty understanding and participating in the CHINS proceeding. Lisa was therefore a "mature" juvenile, as we have defined one, and a guardian ad litem could not have been properly appointed to act as a substitute decision-maker

for her. There is no evidence that the appointed guardian ad litem assumed that role.

In her motion for the appointment of a guardian ad litem, defense counsel asserted that "to leave decisions concerning the best interests of the child to be made by the mother would be ineffective, inappropriate and potentially harmful to the child." Defense counsel alleged that Mrs. G. allowed thirteen-year-old Lisa to live with her twenty-five-year-old boyfriend, and permitted the use of drugs and alcohol by young children in the family home. On the basis of the evidence before us, we cannot say that it was an abuse of discretion for the district court to appoint a guardian ad litem to act as a concerned parent in this case. *See Developmental Disabilities Advocacy v. Melton*, 689 F.2d 281, 285 (1st Cir. 1982).

We hold that the district court properly appointed the guardian ad litem and, therefore, that the appointment constituted "an order creating liability for expenses" under RSA 169-D:29 (Supp. 1983). Thus, Merrimack County is liable, as the legally liable unit, for the fees and expenses associated with the appointment.

*Affirmed.*

All concurred.