Coos
No. 88-120

RICHARD ROSS

v.

KARIN AND WINSTON GADWAH
AND
RITA (GADWAH) CARLL

December 30, 1988

*Wayne T. Moynihan*, of Berlin, for the plaintiff, filed no brief.

*Waystack & King*, of Colebrook (*Philip R. Waystack, Jr.*, on the brief and orally), for the defendant Rita Carll.

*Alethea Froburg*, of Berlin, for the defendants Karin and Winston Gadwah, filed no brief.

*Nancy M. Brown*, of Durham, by brief and orally, as guardian ad litem for Trevor Ross.

*The Guardian ad Litem Clinic*, of Concord (*Bruce E. Friedman* and *Mary Pilkington-Casey* on the brief), by brief as *amicus curiae*, *pro se*.

BROCK, C.J. The guardian ad litem in this case involving a child custody dispute challenges the discovery order of the Superior Court (*Gray*, J.), which permitted counsel for other parties to review her notes regarding contact with persons other than the child, and asks us, on an interlocutory basis, to rule whether due process requires that parents of the child involved have an opportunity to discover and challenge information obtained from the child the guardian represents.

The facts relevant to the two questions presented are as follows. On July 7, 1987, Nancy M. Brown, Esq., was appointed guardian ad litem to represent the minor child Trevor Ross in a custody dispute. In late December, 1987, she submitted her report to the superior court, recommending a change in custody, and the court scheduled a final hearing. Counsel for one of the defendants, the child's mother, requested a deposition of the guardian and an opportunity to review her file at the deposition. Both the guardian ad litem and counsel for the plaintiff, the child's father, objected to the request to review the guardian's file, and the question was presented orally to the presiding justice in the Strafford County Superior Court, where the deposition was to be held. The court ordered the guardian to turn over her entire file to opposing counsel, excluding only "material directly protected by the attorney client privilege of her client, the minor child." All counsel examined the file, and the deposition ensued.

During the deposition, the guardian revealed three bases for her custody recommendation. She testified, however, that two other bases supported her recommendation, but that these involved specific areas of confidential information, and she therefore would not reveal them. Several days later, the guardian filed a motion for reconsideration to enjoin the use at trial of any information obtained from review of her file, and a request for findings of fact. The court granted the motion and modified its original order; it denied counsel blanket access to the guardian's file, permitting counsel to review only those notes "regarding contact with persons other than the child[ ] she represents."

The guardian then filed this interlocutory appeal, raising two questions: (1) whether a guardian ad litem in a custody case must produce, for inspection by all counsel of record, all notes relevant to the dispute obtained during conversations with persons other than the minor child; and (2) whether a parent's right of due process requires access to and the opportunity to challenge any information forming the basis for the guardian's recommendation,

even if such information was obtained from the minor child. We answer both questions in the affirmative.

Before us, the guardian also contends that the trial court erred in permitting discovery of her notes because the defendant failed to satisfy Superior Court Rule 35(b)(2), conditioning discovery of work product upon a showing of substantial need of the materials. We do not address this issue as it was neither considered below nor presented in the interlocutory appeal from ruling. SUP. CT. R. 8(1).

 Whenever custody of the children of a marriage is disputed, a court will in the usual course appoint a guardian ad litem as a full party to the proceedings to represent the interests of the children. RSA 458:17-a. The sole statutory mandate to guardians ad litem is that they "represent the interests of the children." RSA 458:17-a. Guardians ad litem serve a function that "combines the best aspects of their roles as advocates for the children and as impartial Court officials." Preface to GUIDELINES FOR GUARDIANS AD LITEM prepared by the superior court (effective June 21, 1983); see also Provencal v. Provencal, 122 N.H. 793, 797, 451 A.2d 374, 376–77 (1982); Place v. Place, 129 N.H. 252, 256, 525 A.2d 704, 706 (1987). They thus serve a dual role. Guardians ad litem represent their wards; they also "assist the court and the parties in reaching a prompt and fair determination, while minimizing the acrimony during this process." Provencal, supra at 797, 451 A.2d at 377. They are charged with conducting interviews and inspecting records to fashion a report containing their "findings and conclusions or recommendations." GUIDELINES FOR GUARDIANS AD LITEM, supra at ¶¶ 1, 3–5. The guardian is given "broader rights to investigate circumstances without adherence to traditional party boundary lines." Preface to GUIDELINES FOR GUARDIANS AD LITEM supra. After the investigation, the guardian submits a recommendation, see GUIDELINES FOR GUARDIANS AD LITEM, supra at ¶ 5, which does not "carry any greater presumptive weight than the other evidence in the case." Richelson v. Richelson, 130 N.H. 137, 143, 536 A.2d 176, 180 (1987).

The guardian thus submits a recommendation regarding custody upon which the court may rely when determining the custodial rights of the parents. The recommendation is based upon all the information the guardian has received from all sources.

██ It is apparent to us that since due process requires that either parent have the opportunity to challenge any evidence presented for consideration by the trier of fact, it must also preclude invocation of the attorney-client privilege. Accordingly,

we now hold that the attorney-client privilege is incompatible with the guardian's role as a party to and expert witness in custody proceedings. Communications between a guardian ad litem and a minor child are not privileged. To the extent that any of our prior decisions suggest otherwise, they are overruled. *See Provencal supra; Howard v. Howard,* 124 N.H. 267, 409 A.2d 1318 (1983).

The New Hampshire Constitution recognizes the interest of a parent in decisions regarding the custody or rearing of a child, *Provencal,* 122 N.H. at 797, 451 A.2d at 377, and protects that interest by its due process provision, *id.* N.H. CONST. pt. I, art. 2. This protection stems from the recognition that "the role of parents in the life of a family has attained the status of a fundamental human right and liberty." *State v. Robert H.* _____, 118 N.H. 713, 715, 393 A.2d 1387, 1388 (1978).

■ ■ Because "an essential requisite of due process" is the right to be heard, parents must be accorded that right in custody proceedings. *Provencal,* 122 N.H. at 797, 451 A.2d at 377; *see also* SUPER. CT. RS. 147, 152, 156–159-C. In order to satisfy this right, the custody proceedings must provide for "confrontation when adjudicative rights [or facts] are in dispute." *Duffley v. N.H. Interschol. Ath. Assoc., Inc.,* 122 N.H. 484, 486, 446 A.2d 462, 463 (1982) (quoting *Appeal of Portsmouth Trust Co.,* 120 N.H. 753, 758, 423 A.2d 603, 606 (1980)). The right to be heard includes the right to cross-examine adverse witnesses. *Provencal,* 122 N.H. at 797, 451 A.2d at 377; *see also Wheeler v. State,* 115 N.H. 347, 352, 341 A.2d 777, 781 (1975), *cert. denied,* 423 U.S. 1075 (1976). Parents' rights of due process therefore mandate that they have an opportunity to counter evidence that a fact-finder will rely on in reaching a judgment determining their child's fate. Therefore, none of the information the guardian gathers can be shielded from discovery by the attorney-client privilege. Nothing herein should be interpreted as precluding attorneys from serving as guardians ad litem under RSA 458:17-a. However, when so appointed, they do not act as legal counsel for the child, but rather as parties to the proceedings.

■ The trial court properly allowed discovery of the guardian's file, and must permit further discovery concerning communications between the child and his guardian.

*Remanded.*

All concurred.