Original
No. LD-90-004

## BOYLE'S CASE

July 23, 1992

*Philip P. Bonafide*, of Tilton, by brief and orally, for the committee on professional conduct.

*Boyle Law Office P.C.*, of Plymouth (*Gerard J. Boyle* on the brief and orally), for the respondent.

HORTON, J. The following question comes to us on an interlocutory transfer without ruling from the judicial referee (*Bois*, J.):

> "Whether it may be found by clear and convincing evidence that Rules 1.7(b) and 8.4(a) of the Rules of Professional Conduct were violated by Attorney Gerard J. Boyle by representing Peter Gregori in a criminal matter at the same time that he was acting as guardian ad litem for the children of Peter Gregori and Jane Gregori in a marital matter[?]"

We answer the question in the affirmative.

In November 1985, the respondent, Gerard J. Boyle, accepted appointment as guardian ad litem (GAL) for the minor children of Jane and Peter Gregori in a "bitter marital matter." He filed his GAL report in February 1986, which recommended that Peter Gregori be given custody of the children. In November 1986, following a contested hearing on the merits, the marital master issued a decision, which was approved by the superior court in November 1986, awarding custody to Jane Gregori. Numerous post-divorce motions were filed between November 1986 and the time of the respondent's withdrawal as GAL in November 1987.

The gravamen of the complaint against the respondent involves his representation of Peter Gregori in a criminal matter during the same period that he served as GAL for the Gregori children. In October 1986, a criminal complaint was filed against Peter Gregori alleging criminal trespass in the home of a friend of Jane Gregori. The respondent acted as defense counsel in the criminal matter which was tried in March 1987.

On July 13, 1988, Jane Gregori filed a complaint with the committee on professional conduct alleging, among other things, that the

respondent's representation of Peter Gregori in the criminal matter while serving as GAL for the children in the marital matter was an impermissible conflict of interest. A petition for public censure was filed by the professional conduct committee on March 8, 1990. Following a prehearing conference, the judicial referee transferred the above-quoted question to this court.

Rule 1.7(b) of the Rules of Professional Conduct states in pertinent part:

> "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>> (1) the lawyer reasonably believes the representation will not be adversely affected; and
>> (2) the client consents after consultation and with knowledge of the consequences."

The respondent maintains that his conduct did not violate this rule. Specifically, he argues that the Gregori children were not his "clients" under our holdings in *Ross v. Gadwah*, 131 N.H. 391, 554 A.2d 1284 (1988), and *In re Lisa G.*, 127 N.H. 585, 504 A.2d 1 (1986), and, therefore, it was "legally impossible" for him to violate Rule 1.7(b). We disagree.

██ When attorneys serve as guardians ad litem, "they do not act as legal counsel for the child, but rather as parties to the proceedings." *Ross v. Gadwah*, 131 N.H. at 395, 554 A.2d at 1286; *see also In re Lisa G.*, 127 N.H. at 591, 504 A.2d at 4 (describing GAL's role as that of substitute decision-maker or concerned parent). Consequently, the Gregori children were not the respondent's "clients." This fact does not, however, place the respondent's conduct beyond the reach of Rule 1.7(b). The language of the rule is broad. It governs not only conflicts arising out of the representation of multiple clients, but also conflicts arising out of the representation of a client and the lawyer's responsibilities to third parties.

██ Rule 1.7(b) permits an attorney to represent a client despite the existence of a possible conflict of interest if the client is informed of the consequences of, and consents to, the potentially conflicting representation. Because he obtained Peter Gregori's consent after discussing the possible conflict of interest, the respondent maintains that "neither his representation of Mr. Gregori nor that of his continuing service as non-attorney Guardian ad Litem . . . effect[ed] [*sic*] his representation of either party in either capacity."

■ A lawyer may seek consent to the potentially conflicting representation only when "the lawyer *reasonably* believes the representation will not be adversely affected." Rule 1.7(b) (emphasis added). The comments to ABA Model Rule 1.7, which does not materially differ from the applicable portion of our Rule 1.7, explain that "when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent." We find this to be such a case.

■■ The responsibilities of the two roles accepted by the respondent are in fundamental conflict. "Guardians ad litem serve a function that combines the best aspects of their roles as advocates for the children and as impartial Court officials." *Ross v. Gadwah*, 131 N.H. at 394, 554 A.2d at 1285 (quotation omitted). "The basic duty the lawyer for the accused owes to the administration of justice is to serve as the accused's counselor and advocate with courage, devotion, and to the utmost of his or her learning and ability and according to law." 1 AMERICAN BAR ASSOCIATION STANDARDS FOR CRIMINAL JUSTICE, Standard 4-1.1(b) (2d ed. 1980). Consequently, because a fundamental conflict exists between the respondent's role as advocate for the children and his role as advocate for the father, the respondent's representation of the father was inappropriate.

■ The respondent further argues that because he had already filed his GAL report before he undertook Peter Gregori's defense in the criminal matter, "[he] had *necessarily* 'taken sides' in the custody battle[,] . . . had *necessarily* forfeited all impartiality in the matter[, and] . . . was *necessarily* no longer neutral in the matter . . . ." These statements display a blatant disregard for the on-going duty of a GAL to represent the best interest of the children, a duty which does not cease upon the filing of the GAL report. *See* RSA 458:17-a, I (authorizing appointment of GAL whenever custody or visitation of children disputed, even after final divorce decree).

■ There was a reasonable possibility that, by virtue of the respondent's duties as GAL, he might discover facts that would inure to the detriment of his client. Peter Gregori, however, was entitled to have unconflicted representation. "A defendant is not afforded the effective assistance of counsel unless his attorney is acting in his interest and his interest only." R. McNAMARA, 1 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 469 (2d ed.

1991); *see also State v. Theodore*, 118 N.H. 548, 550, 392 A.2d 122, 123 (1978) (mandating that "courts be sensitive to possible conflicts of interest that could impair an attorney's ability to vigorously defend his [or her] client's interest").

█ We hold that the respondent violated Rule 1.7(b), and consequently violated Rule 8.4(a), which establishes "professional misconduct" resulting from such violations, by simultaneously representing the father and serving as GAL for the children. Accordingly, we answer the referee's question in the affirmative and remand for further proceedings concerning sanction and responsibility for expenses.

*Remanded.*

BROCK, C.J., and BATCHELDER, J., did not sit; the others concurred.