Ramos Buonomo, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
A la vista celebrada el día 13 de diciembre de 1995, comparecieron la demandante, señora Miriam B. Otero Prann, y su representante legal, Leda. Olga Longoria Vélez, la Hon. Annie Franco Carmona, Procuradora de Relaciones de Familia y Defensora Judicial de los menores Carem Delbrey Otero y Javier Delbrey Otero, y las Ledas. Beatriz Vázquez de Acarón e Isabel L. Rodríguez Bonet, *1410 representantes legales del demandado, señor Javier Delbrey Rivera.
El demandado Javier Delbrey Rivera no compareció a la vista a pesar de que las partes fueron debidamente citadas. Adujo la Leda. Vázquez de Acarón que éste se encontraba fuera del país en el estado de la Florida en un viaje de negocios y que debido al corto tiempo entre la citación del Tribunal y la fecha de la celebración de la vista, se le hizo imposible comparecer. El Tribunal ordenó a la Leda. Vázquez de Acarón presentar copia del pasaje y la factura del hotel del demandado por su viaje a la Florida, en o antes de los próximos diez (10) días. Compareció a la vista, además, la Leda. Rosana Márquez, en representación del Procurador General del Estado Libre Asociado de Puerto Rico. Uno de los propósitos de la vista fue tratar de auscultar la posibilidad de simplificar el pleito y dar un sentido de dirección a éste debido a nuestra preocupación de que por el alto contenido emocional envuelto en el mismo, según surge de la demanda, la demanda enmendada, las contestaciones a éstas, las innumerables mociones de ambas partes y el informe con antelación al juicio, se siga complicando el caso en detrimento de los niños y de todas las partes envueltas en el pleito. No es la primera vez que este Tribunal tiene ante su consideración el caso de autos. Anteriormente, atendimos dos recursos de certiorari, los cuales consolidamos. En vista de ello y para tratar de evitar la presentación de futuros recursos y consecuentes dilaciones en este caso, el Tribunal consolidó las peticiones de certiorari presentadas por las respectivas representantes legales y señaló una vista.
Las controversias en el recurso Núm. KLCE-95-00881 son (1) si procede la eliminación de la alegación de trato cruel, levantada por la demandante en su demanda de divorcio, por razón de que el demandado fue absuelto de los cargos criminales radicados en su contra; y (2) si se debe permitir a la menor Carem Delbrey Otero declarar en el proceso de divorcio como testigo de la parte demandante.
En el caso de autos, el demandado presentó ante el Tribunal de Primera Instancia una Moción de Desestimación de Alegación de Causal de Divorcio por Impedimento Colateral por Sentencias de Absolución, a la cual se opuso la demandante. Por otro lado, la defensora judicial presentó una Moción en Oposición a Llamar como Testigo a la Menor Carem Delbrey Otero. La demandante se opuso a dicha moción. Luego el demandado presentó un escrito apoyando la petición de la defensora judicial. Por otro lado, la controversia en el recurso Núm. KLCE-95-00861 es si procede la utilización de la defensora judicial en este caso como testigo del demandado. Surge del expediente que en el Informe de Conferencia Preliminar entre Abogados, el demandado anunció como testigo suyo a la Leda. Annie Franco Carmona, defensora judicial de los menores aquí envueltos y Procuradora Especial de Relaciones de Familia. Posteriormente la Leda. Franco Carmona se opuso a dicho llamamiento como testigo mediante una moción al tribunal. El demandado replicó mediante una Contestación y Oposición a Moción de la Defensora Judicial sobre su Oposición a Ser Testigo del Demandado. Finalmente, la demandante presentó una Moción en Oposición a que la Parte Demandada Llame como Testigo a la Defensora Judicial. El 2 de octubre de 1995, el tribunal de instancia notificó tres resoluciones dictadas en respuesta a las mociones antes mencionadas. Inferimos que el tribunal resolvió la moción de desestimación del demandado aparentemente a base de lo que señaló éste en la misma, según surge de una de las resoluciones notificada a las partes, la cual transcribimos a continuación:

"Moción de Desestimación de Alegación de Causal de Divorcio por Impedimento Colateral Sentencias de Absolución.

Se desestima alegación de abuso sexual como causal para divorcio por trato cruel solamente.

Moción en Oposición a Moción de Desestimación de Alegación de Causal, etc. No Ha Lugar. Las partes pueden divorciarse por la causal de separación y/o trato cruel sin tener que pasar pruebas sobre abuso sexual utilizando a la menor ni a la demandante como testigos". (Enfasis suplido)

Fdo. Luis G. Quiñones Martínez

Juez"

Por la utilización de la palabra "solamente " en la notificación antes transcrita, entendemos que la desestimación de la alegación de abuso sexual fue a los únicos efectos del divorcio en sí y como ingrediente de la causal de trato cruel de la demanda y no en cuanto a la pertinencia de ésta *1411 relacionada a la custodia y patria potestad de los niños que solicitan ambas partes.
Las dos restantes notificaciones a las partes rezan de las siguientes maneras:

"Informe de Conferencia Preliminar Entre Abogado.

Se aprueba informe con la excepción de que la defensora judicial sea testigo ni la menor Carem Delbrey.

Moción sobre Celebración de Pre-trial - Como se pide.

Moción en Oposición a Llamamiento como Testigo a la Defensora Judicial y la Menor Carem Delbrey Otero.

No se autoriza a la defensora judicial ni a la menor Carem Delbrey que sean testigos.

Fdo. Luis G. Quiñones Martínez

Juez"

"Moción en Contestación a Moción en Oposición a Llamar como Testigo a la Menor Carem Delbrey Otero. - No Ha Lugar. No es necesario que la menor Carem Delbrey Otero declare en el proceso de divorcio.

Moción en Oposición a que la Parte Demandada Llame como Testigo a la Defensora Judicial. No se autoriza a la defensora judicial de los menores a que declare como testigo en el juicio.

Moción en Contestación a Moción Solicitando Traslado de Evaluación. No Ha Lugar. Se autoriza traslado de evaluación.

Moción en Contestación a Moción Solicitando orden, etc. - Enterado.

Fdo. Luis G. Quiñones Martínez

Juez"

Surge de las resoluciones transcritas que el juez de instancia no fundamentó sus decisiones en el caso de autos. De entrada es de rigor señalar que ello dificulta la tarea de revisión ante nos ya que no sabemos las razones que dan base a las decisiones recurridas en un caso tan delicado como éste. Tenemos que inferir, porque el juez de instancia tampoco lo hace claro, que éste se propone dilucidar primero el caso de divorcio y luego la controversia de custodia, patria potestad, relaciones paterno o materno filiales y alimentos.
En vista de lo anterior, se ordena al tribunal de instancia fundamentar de aquí en adelante sus decisiones con las leyes y jurisprudencia aplicables a los hechos de este caso, de tal suerte que las partes estén mejor enteradas del razonamiento decisorio del tribunal y se facilite, a su vez, la revisión judicial ante el Tribunal de Circuito de Apelaciones y el Tribunal Supremo de Puerto Rico, de ser éstas necesarias.
Entendemos el propósito del Tribunal de Primera Instancia de fraccionar el pleito, separando el caso de divorcio de la determinación de custodia, patria potestad, relaciones paterno o materno filiales y alimentos. Sin embargo, aunque el fraccionamiento podría ser una alternativa en un caso complicado de divorcio en el cual haya hijos no emancipados envueltos, en el caso de autos por el giro que éste ha tomado ello ya no es viable. Así lo entienden todas las partes en el pleito. Debido a la etapa en que se encuentra el caso que nos ocupa, al alto contenido emocional envuelto en el mismo, al perjuicio que seguirán sufriendo los niños y las partes mientras el caso se prolongue y al hecho de que la alegación principal de la demandante, y por ende su prueba, en todos los asuntos aquí envueltos es la del abuso sexual de los menores por parte del demandado, resolvemos que deberá verse la totalidad de las controversias en un sólo juicio.
*1412 Por otro lado, el tribunal de instancia viene obligado a ejercer su poder de control y dirección en el caso de autos pues, de. lo contrario, el mismo sólo seguirá complicándose. Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838 (1986). Pasemos ahora a discutir los errores señalados en los recursos aquí consolidados.
II
La demandante le imputa al tribunal de instancia la comisión de dos errores:

"Erró el Honorable Tribunal de-Instancia al dictar la Orden desestimando la alegación de abuso sexual como causal de trato cruel para el divorcio solicitado por la parte demandante y determinando que las partes pueden divorciarse por la causal de separación y/o trato cruel sin tener que pasar prueba sobre el abuso sexual utilizando a la menor y ala demandante como testigos.

Erró el Honorable Tribunal de Instancia al dictar Orden determinando que no es necesario que la menor Carem Delbrey Otero declare en el proceso de divorcio y resolviendo no ha lugar a que la niña sea utilizada como testigo de la parte demandante."

Por otro lado, el demandado, en su recurso, hace el siguiente señalamiento de error:

"Erró el Honorable Tribunal de Instancia al determinar no autorizar a la defensora judicial a prestar testimonio en el juicio pautado para comenzar en enero de 1996 como testigo del demandado-recurrente."

En primer lugar, resolvemos que el tribunal de instancia erró al desestimar la alegación de abuso sexual como causal I para el divorcio por trato cruel, ya que no es aplicable al caso de autos la doctrina del impedimento colateral por sentencia. Las sentencias de absolución en los casos radicados en contra del aquí demandado no impiden que la demandante desfile prueba en el caso de divorcio sobre el alegado abuso sexual de los menores. Así, "cuando la sentencia en el caso criminal es de absolución, no puede inferirse mucho en cuanto a los hechos, pues la absolución, a lo sumo, sólo significa que no se probó la culpabilidad del acusado más allá de duda razonable". Chiesa, E.L., Práctica Procesal Puertorriqueña, Evidencia, Publicaciones J.T.S., Vol. I, a la pág. 440 (1979). De hecho así consta de las sentencias absolviendo al aquí demandado de los cargos de actos lascivos o impúdicos. Recordemos, asimismo, que el quántum de pmeba exigido en un caso criminal es distinto al exigido en un caso civil por lo que "[s]i un hecho no pudo ser probado más allá de duda razonable, ello no acarrea que no pueda ser probado por simple preponderancia de la prueba". Id. a la pág. 437.
A tenor con lo anterior, resolvemos que la parte demandante tiene derecho a presentar su prueba sobre el alegado abuso sexual de los menores por parte del demandado. De probarse las alegaciones de abuso sexual, habría prueba suficiente para declarar con lugar la demanda de divorcio por la causal de trato cruel.
Procedemos ahora a discutir el error señalado por el demandado sobre si puede llamar como testigo suyo a la defensora judicial.
En el caso de autos, la Leda. Annie Franco Carmona tiene un doble rol: (1) defensora judicial de los menores y (2) Procuradora Especial de Relaciones de Familia. Nuestro Tribunal Supremo ha establecido que el concepto "defensor judicial" significa un tutor especial nombrado para que represente a un incapacitado o a un menor para un pleito específico. Fernández Martínez v. Tribunal Superior, 89 D.P.R. 754, 758 (1964). Es decir, la defensora judicial complementa la incapacidad legal de los menores.
La defensora judicial es parte en el pleito. Por ende deberá expresarse como parte en el pleito y en interés de los menores en cuanto a las controversias que están ante el tribunal y que atañen a éstos. Al testificar ante el tribunal, deberá estar en ese instante, y sólo en ese instante, representada legalmente por otra procuradora de relaciones de familia. Una vez declare, estará sujeta al contrainterrogatorio. Cuando ella no esté testificando, podrá a su vez, en defensa de los menores, contrainterrogar a las partes y testigos en su doble rol: como Procuradora Especial de Relaciones de Familia y a la vez como defensora judicial ya que además es abogada. Podrá, además, argumentar en *1413 favor de los intereses de los menores en todo lo que estime pertinente. Lo anterior no implica que la defensora judicial será presentada como testigo de alguna de las partes. Este tendrá la oportunidad de contrainterrogar cuando ello sea pertinente. La Leda. Beatriz Vázquez de Acarón, abogada del demandado, dio su anuencia en corte abierta a lo aquí expuesto. Por ende resolvemos que el error señalado por el demandado resulta académico.
Hacemos constar, además, que en la vista del 13 de diciembre de 1995, interrogamos a la Defensora Judicial sobre la moción informativa que presentó ante el tribunal el 13 de abril de 1995. En ella hizo un relato de las relaciones paterno filiales que había supervisado por razón de que cesaba en sus funciones como procuradora de relaciones de familia en la Sala de Bayamón. Aseveró ante nos que el tribunal ni nadie se lo había solicitado y que lo hizo meramente para conocimiento del tribunal. No vemos la razón para presentar dicho informe al tribunal en ese momento ya que éste no se lo había solicitado. Entendemos que el informe se debió dirigir únicamente a la Oficina de las Relaciones de Familia del tribunal para el conocimiento de su sucesora, si alguna. Al hacer público el informe sólo dio base a agitar más las emociones de las partes y a que el demandado la anunciara como su testigo en el Informe de Conferencia con Antelación al Juicio, complicándose aún más las controversias en este caso. 
El segundo señalamiento de error de la demandante en su recurso es que el tribunal erró al determinar que no es necesario que la menor Carem Delbrey Otero declare en el proceso de divorcio ni que sea utilizada como testigo de la parte demandante. La defensora judicial expresó su oposición a que la niña testifique, mediante moción ante el tribunal de instancia y en la vísta que celebramos el 13 de diciembre de 1995. Entiende ésta que es hacer pasar nuevamente a la niña por un vía crucis en la silla de los testigos El demandado se unió, mediante moción, a la petición de la defensora judicial. No obstante, la defensora judicial expresó que nada impide que el tribunal entreviste en Cámara y a solas a la menor para conocer la versión suya sobre los hechos de este caso. Sin embargo, la demandante y el demandado se oponen a que la menor sea entrevistada en cámara sin estar presentes las partes y sus representantes legales ya que se les privaría de la oportunidad de conocer el testimonio de ésta y de contrainterrogarla.
Habiendo resuelto que la demandante tiene derecho a presentar prueba sobre el alegado abuso sexual de los menores como causal de trato cruel para el divorcio, dicha parte estaría en desventaja si el juez de instancia es quien hace las preguntas a la niña. El juez no conoce todos los hechos en esta etapa. Entendemos y empatizamos con la preocupación según expuesta por la defensora judicial, pero siendo central la alegación de abuso sexual a la controversia de custodia y patria potestad y relaciones paterno o materno filiales, entendemos que es inevitable el testimonio de la niña en corte abierta. El error señalado fue cometido.
III
Por los fundamentos antes expuestos, se ordena al tribunal de instancia: (i) fundamentar de aquí en adelante sus decisiones con las leyes y jurisprudencia aplicables a los hechos de este caso; y (2) celebrar conjuntamente la vista de divorcio con la de patria potestad y custodia y relaciones paterno o materno filiales, más alimentos de los niños.
Asimismo, este Tribunal resuelve que: (1) el tribunal de instancia erró al desestimar la alegación de abuso sexual como causal para el divorcio por trato cruel y por ende la demandante tiene derecho a presentar su prueba sobre el alegado abuso sexual de los menores por parte del demandado; (2) la defensora judicial, como parte en este pleito y no como testigo del demandado, deberá expresarse en el juicio en cuanto a las controversias que están ante el tribunal y que atañen a los niños; (3) mientras la defensora judicial esté declarando, estará representada por otra procuradora de relaciones de familia y estará sujeta al contrainterrogatorio; (4) cuando la defensora judicial no esté testificando, podrá a su vez, en defensa de los menores, contrainterrogar a las partes y testigos y argumentar a favor del interés de éstos en sü doble rol de Procuradora Especial de Relaciones de Familia y defensora judicial siendo ésta abogada; y (5) la menor Carem Delbrey Otero podrá declarar en el juicio como testigo de la parte demandante.
Finalmente y como consecuencia de lo aquí dispuesto, se deniega la expedición del auto de certiorari y se confirma la decisión en el recurso Núm. KLCE-95-00861 a los efectos de que la *1414 defensora judicial no declarará como testigo del demandado por ser ello académico. Además, se expide el auto de certiorari en el recurso Núm. KLCÉ-95-00881 y se revocan las resoluciones recurridas para permitir que la demandante presente prueba sobre el alegado abuso sexual én el caso de divorcio por la causal de trato cruel y que la niña, Carem Delbrey Otero, declare como testigo de la demandante.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Grttz
Secretaria General
ESCOLIOS 96DTA27
1. La representación legal del demandado ha cumplido mediante una Moción en Cumplimiento de Orden y en Solicitud de sanciones, presentada el 21 de diciembre de 1995.
2. Véase los recursos Núm. KLCE-95-00420 y Núm. KLCE-95-09446. Actualmente, está pendiente de resolución ante el Tribunal Supremo de Puerto Rico un recurso de certiorari en el cual se recurrió de la sentencia dictada por el Tribunal de Circuito de Apelaciones el 12 de septiembre de 1995, confirmando la orden del tribunal de instancia sobre la evaluación de los menores por el perito del demandado. La Juez Ramos Buonomo emitió un voto disidente en dicha sentencia.
3. Véase la Oposición a Moción de Desestimación de Alegación de Causal de Divorcio por Impedimento Colateral por Sentencia de Absolución. Recurso KLCE-95-00881, a las págs. 32-34.
4. La parte demandante había anunciado a la menor como su testigo en el informe de conferencia preliminar éntrelas abogadas, el cual suscribió la defensora judicial.
5. Véase la Moción en Contestación a Moción en Oposición a Llamar Como Testigo a la menor Carem Delbrey Otero. Recurso KLCE-95-00881, Apéndice, a las págs. 30-31.
6. Véase Escrito en Apoyo a Oposición a Llamar a la Menor Carem Delbrey Otero y Oposición a OtrOs Extremos. Recurso Núm. KLCE-95-00881, a las págs. 32-34.
7. Véase la Moción en Oposición a Llamamiento como Testigo a la Defensora Judicial. Recurso Núm. KLCE-95-00861, Apéndice, a las págs. 18-19.
8. Recurso Núm. KLCE-95-00861, Apéndice, a las págs. 23-26.
9. A a las págs. 51-52.
10. El Tribunal Supremo de Puerto Rico ha señalado que dicha doctrina recoge la norma dé que una sentencia resulta concluyente entre las mismas partes si versa y conlleva la relitigación en un cáso posterior de las cuestiones de hechos esenciales, adjudicadas y determinadas previamente en tal sentencia, se acepta que ello impide la ventilación de un segundo proceso y es motivo de desestimación, aun cuando se tfate de un delito distinto, si dentro de la adjudicación del caso anterior, clara y directamente, se dilucidaron y resolvieron hechos necesariamente decisivos para el segundo. Pueblo v. Ortiz Marrero, 106 D.P.R. 140, 143 (1977).
11. "Judgments of acquittal, however, are still inadmissible in large part, of course, because they may not present a determination of innocence, but rather only a decision that the prosecution has not met its heavy burden of proof beyond a reasonable doubt". McCormick § 318, págs. 740-741.
12. Véase Ross v. Gadwah, 554 A.2d 1284 (N.H. 1988).
13. Después de todo la Leda. Franco Carmona no fue relevada como procuradora en este caso, por lo que el *1415 informe al tribunal fue, además, prematuro.
14. La nifíita Carem Delbrey Otero testificó como testigo del Pueblo de Puerto Rico en el juicio criminal contra su padre, el señor Delbrey.
15. En su escrito al tribunal la defensora judicial, al proponer que se entreviste a los niños en cámara, hace analogía con la práctica de los jueces y juezas en pleitos de custodia de interrogar a los menores en cámara y a solas sobre la preferencia de éstos. Sin embargo, son dos situaciones diferentes. En la determinación de custodia sólo se ausculta la preferencia de los niños en base a sus sentimientos únicamente, mientras que en cuanto a un alegado abuso sexual se trata de hechos solamente que han de ventilarse en un juicio plenario.