Brentwood Family Division
No. 2007-207

IN THE MATTER OF ROBERT A. KALIL AND BRENDA BUZDEREWICZ

Argued: June 20, 2007
Opinion Issued: September 25, 2007

*Patricia L. DiMeo*, of Derry, by brief and orally, for the petitioner.

Marianne A. Hannagan, guardian ad litem, by brief and orally, *pro se.*

*Clark & Sekella,* of Manchester, for the respondent, filed no brief.

HICKS, J. This is an interlocutory appeal from a ruling of the Brentwood Family Division (*Sadler,* J.) denying the petitioner-father's request to review a sealed guardian ad litem (GAL) report. We affirm.

The following facts are undisputed by the parties. The petitioner-father, Robert A. Kalil, and the respondent-mother, Brenda Buzderewicz, are the unwed parents of a ten-year-old child. The parties entered into a parenting plan regarding the father's "parenting time" with the child.

In April 2006, the father filed a motion to modify the parenting plan. The court appointed Marianne A. Hannagan as the GAL for the child. The child requested that the GAL not disclose to her parents certain information she shared in confidence with the GAL. The GAL informed the parents of the child's request and advised the child that the information would only be disclosed in a sealed report to the court. The GAL subsequently submitted a stipulation, signed by the mother and orally agreed to by the father, which provided, among other things, that "[t]he conver[sations] between the GAL and the minor child . . . will be held confidential." Upon motion by

the GAL, the court approved the stipulation. The GAL submitted a sealed final report to the court on October 31, 2006. The father and mother received only a copy of the cover letter, not the report itself, prompting the father to request a copy of the report itself. On November 11, 2006, the GAL sought instruction from the court regarding the father's request. The court examined the report and denied the request. The GAL provided the parties with another "Final Report of the Guardian ad Litem" on December 2, 2006, which did not include the sealed information.

At a hearing held on December 13, 2006, to decide the father's motion to modify the parenting plan, the father again requested disclosure of the October report. The court denied the request pursuant to RSA 461-A:16, III (Supp. 2006), which states, in relevant part:

> Guardians ad litem shall respect communications between themselves and the child and shall disclose such information only in accordance with applicable rules and, as required by the court, in rendering a report with the guardian ad litem's recommendations . . . to enable the court to make an informed decision.

The court indicated that it would consider the sealed report in deciding the father's motion to modify the parenting plan. The father moved to strike the sealed report from the court file. The motion was denied and this interlocutory appeal followed.

On appeal, the father raises the following issues: (1) whether the court can refuse to disclose a sealed GAL report to the parents of a minor child when the child requests that the GAL keep specific information confidential; and (2) whether refusing to allow the father to view the report violated his due process rights. This appeal presents questions of law, which we review *de novo*. *In re Juvenile 2004-789*, 153 N.H. 332, 334 (2006).

When a GAL is appointed, the court requires the parties and the GAL to file a stipulation regarding issues such as whether conversations between the GAL and the child will be kept confidential. In this case, the GAL filed a motion with the court to request approval of the stipulation, which included the provision establishing confidentiality. Although only the mother signed this stipulation, the father orally agreed to it. The court confirmed the stipulation, thereby rendering an order binding upon the parties.

The father has not objected to the confidentiality provision in the binding stipulation; he nonetheless argues that both parents have a right to view the sealed report. The father contends that pursuant to Superior Court Rule 213, although the court may seal a GAL report, it may not

prevent the parties from reviewing it. Superior Court Rule 213 requires that:

> Reports filed by guardians ad litem in domestic relations cases involving custody ... shall be placed in an envelope marked "CONFIDENTIAL" by the clerk. Such reports shall be made available only to parties in the action and their attorneys. The clerk shall remove the envelope before making the file available to any other individuals requesting access.

■ Although Rule 213 describes a general procedure for filing GAL reports, it does not preclude the court from keeping portions thereof confidential from the parties when there is a stipulation which so provides and when such confidentiality is in the best interests of the child. *See* RSA 461-A:6, I (Supp. 2006) ("In determining parental rights and responsibilities, the court shall be guided by the best interests of the child.").

■ The father next argues that the GAL lacks statutory authority to maintain confidential communications. He contends that RSA 461-A:16, III, which requires a GAL to "respect [the] communications between themselves and the child" and to "disclose such information only in accordance with applicable rules and [ ] as required by the court," supports his position. However, nothing in RSA 461-A:16, III prohibits enforcement of confidentiality stipulations.

In *Ross v. Gadwah*, 131 N.H. 391 (1988), a case without a confidentiality stipulation, we refused to rule that RSA 458:17-a (2004) (repealed 2005 and recodified at RSA 461-A:16) created a privilege for GAL communications, stating that such a privilege would be "incompatible with the guardian's role as a party to and expert witness in custody proceedings." *Ross*, 131 N.H. at 394-95.

■ The father relies upon *Ross* and further argues that the court's denial of his request to review the report violated his right to due process. Although we recognize that parents have a due process right to be heard, to examine witnesses, to be informed of and to challenge all adverse evidence, such rights are not absolute. *See Preston v. Mercieri*, 133 N.H. 36, 40 (1990). In this case, unlike in *Ross*, the trial court approved the parties' stipulation limiting their rights. Therefore, even if we were to assume that the father has a due process right to review the sealed report, such a right was waived by the parties' court-approved stipulation.

Accordingly, we find the stipulation to be controlling in this case and find no error in the court's decision to seal the GAL report.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.